STATE OF MISSOURI at the relation of FORREST C. DONNELL, Relator, v. L. N. SEARCY, BERT BRADLEY, JESS SEXTON, RAY MABEE, GEORGE A. ROZIER, ROY HAMLIN, PAUL K. GIBBONS, H. C. CRIST, RANDALL R. KITT and C. P. JUNGE, Members of Committee of the Joint Assembly of the House and Senate of the State of Missouri, pursuant to Joint Resolution No. 3, adopted by the Joint Session of the House and Senate of the State of Missouri on January 10, 1941.—152 S. W. (2d) 8.

Court en Banc, June 10, 1941.

*Frank E. Atwood, Charles E. Rendlen, James A. Finch* and *Richmond C. Coburn* for relator.

1054

*Roy McKittrick,* Attorney General, *J. E. Taylor, Vane Thurlo* and *Lawrence L. Bradley,* Assistant Attorneys General, for respondents.

DOUGLAS, J.—This is an original proceeding in prohibition to prevent a committee of the Joint Assembly of the House and Senate from taking any action with respect to an "investigation" of the election of the Governor. The action sought to be prohibited includes the opening of the ballot boxes and recount of the ballots.

The relator is the Republican candidate who, on the basis of the complete and valid election returns, was elected Governor at the General Election on November 5, 1940, by an admitted plurality of 3613 votes. The duty to open and publish the returns for Governor and to declare elected the person having the highest number of votes as shown by the returns, is imposed on the Speaker of the House by Art. V, Sec. 3 of the Constitution, but the Speaker at first declined to publish the returns for the office of Governor and refused to declare

the relator elected. In doing so the Speaker was acting on the order of the Joint Assembly as expressed in a joint resolution.

The Joint Assembly by the same resolution entertained a petition of one James T. Blair, Jr., filed as a private citizen and voter, but not as a party to a contest, asking for a legislative "investigation" of the election of Governor and a recount of the ballots. It appointed the respondents as members of a committee with authority to open the ballot boxes, determine the legality of the ballots and recount them. This Committee was about to proceed with the opening of the ballot boxes when the relator applied to this court for a writ of prohibition. We issued our preliminary rule.

By Art. V, Sec. 25 of the Constitution the Assembly is empowered to decide a contest of the election of Governor in such manner as may be provided by law. However, relator's application for a writ is based on the contention that this proceeding before the Joint Assembly is not a contest and is not contemplated by law. For that reason he contends the Joint Assembly has no authority to open the ballot boxes in violation of Art. VIII, Sec. 3 of the Constitution, which is as follows: "Sec. 3. *Elections, how conducted and contested.* All elections by the people shall be by ballot. Every ballot voted shall be numbered in the order received and its number recorded by the election officers on the list of voters opposite the name of the voter who presents it. All election officers shall be sworn or affirmed not to disclose how any voter shall have voted: *Provided,* That in cases of contested elections, grand jury investigations and in the trial of all civil or criminal cases in which the violation of any law relating to elections, including nominating elections, is under investigation or at issue, such officers may be required to testify and the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence.''

This case is related to the case of State ex rel. Donnell v. Osborn, 347 Mo. 469, 147 S. W. (2d) 1065, and was argued before this court at the same time. In that case the same relator by mandamus sought to compel the Speaker to publish the returns and declare the relator's election as Governor. We granted the writ and the Speaker has complied. The relator was declared the elected Governor and assumed the duties of his office.

Thereafter, and while this case was under submission, a formal contest was instituted on March 4, 1941, in the General Assembly by Lawrence McDaniel, the defeated candidate for Governor, as contestant. A new and different committee was appointed to conduct the contest filed by McDaniel and to recount the votes. The recount. under the McDaniel petition commenced and was proceeding when, on May 21, McDaniel sent a communication to the contest committee stating that from the results of the recount so far obtained he was convinced that the relator, his opponent, was elected Governor and

asked that the Joint Assembly dismiss his petition for the contest. On the same date the Joint Assembly was convened. It granted his request and dismissed the contest. It also discharged the contest committee and notified the County Clerks and Boards of Election Commissioners to stop the recount of the ballots and to take no further action in the matter. This action is shown by the journals of both the House and the Senate of which we take judicial notice. In addition, it is also a matter of common knowledge throughout the State. Because the people of Missouri attach supreme importance to the office of Governor, it can be safely said that any such decisive action concerning a contest of this office which has been given such wide notoriety is well known to all persons in every section of the State. Furthermore, we have held that we have the power to notice facts outside the record for the purpose of considering the moot character of a question before us. [State ex rel. Myers v. Shinnick (Mo.), 19 S. W. (2d) 676.]

Consequently, we find the controversy involved in this proceeding has become moot. Where there is no actual controversy existing at the time of the argument on appeal the appellate court as a general rule will not undertake to determine the case. [Joplin Waterworks Co. v. Jasper County, 327 Mo. 964, 38 S. W. (2d) 1068.] However, when a case becomes moot after it has been argued and submitted and is under the deliberation of the court pending its decision, then the court will exercise its right of unlimited discretion to complete its deliberation of the case and prepare an opinion and enter a final judgment on the merits if it sees fit to do so.

In this case, however, there is no useful purpose to be achieved in further considering it and entering a final decision on the merits. With the dismissal of the formal contest at the request of the contestant, any "investigation" by the Joint Assembly in connection with the same election for the same purpose as the abandoned contest has become a meaningless proceeding even if this court should hold it to be a proper proceeding, validly instituted. As to the latter we express no opinion. The contestant has admitted the election of his opponent. Where a situation so changes that no relief may be granted because it has already been obtained, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted. [State ex rel. Myers v. Shinnick, supra.]

This case having become moot, we discharge our preliminary rule in prohibition. All concur.