**KOCH et al.**

v.

**BOARD OF REGENTS OF NORTHWEST MISSOURI STATE COLLEGE et al.**

No. 21974.

Kansas City Court of Appeals. Missouri.

March 1, 1954.

Gene Thompson, J. Dorr Ewing, Maryville, Alva F. Lindsay, St. Joseph, for appellants.

Marshall E. Ford, Maryville, J. V. Gaddy, St. Joseph, for respondents.

DEW, Judge.

This action seeks a decree declaring unlawful and void a contract made by the defendant Board of Regents of the Northwest Missouri State College with defendant The Thomas Construction Company for the restoration of one of the buildings of said college partially destroyed by fire, and to enjoin said Board from continuing performance under that contract and from making any payment thereunder to the defendant Construction Company out of public funds belonging to the taxpayers of Missouri. The defendants filed their separate motions to dismiss the cause on the ground that the petition failed to state facts sufficient to constitute a cause of action against them. The trial court sustained said motions. Thereupon, the plaintiffs appealed to the Supreme Court of Missouri from such judgment of dismissal. The Supreme Court has transferred the appeal to this court on jurisdictional grounds. 256 S.W.2d 785.

While the appeal was pending in the Supreme Court the defendants filed their separate motions therein to dismiss this appeal, which motions likewise come to us for disposition.

The material allegations of the plaintiffs' petition are that plaintiffs are taxpayers, property owners and residents of Buchanan County, Missouri, a part of the Fifth College District of Missouri, in which is located the Northwest Missouri State Teachers College; that the defendant Board of Regents is empowered by statutes to manage and control the affairs of said college and the expenditures of public funds therefor; that one of the buildings of said college, built and maintained by the expenditure of public funds and state appropriations, situated on the college campus at Maryville, was severely damaged by fire on April 28, 1951; that the cost of the restoration of said building will exceed $10,000; that in December, 1951, defendant Board of Regents contracted with defendant Thomas Construction Company to repair the building for a total sum of $203,390; that when said contract was made defendant Board of Regents had on deposit and under its control public funds of the taxpayers of the state exceeding $250,000; that said expenditure would have to be made from such funds, which is a matter of puplic interest to the taxpayers of the state; that the defendant Board of Regents seek to so expend such funds in the amount of $203,390; that the Board at no time requested or solicited by advertising in any newspaper in Nodaway County public bids for such restoration as required by law. It is further alleged that, before said contract was entered into, the plaintiffs offered the Board in writing to perform said contract under the same terms and specifications for the sum of $173,616, and to furnish surety bond to secure performance, which offer the Board refused to consider, and wrongfully colluded with and awarded the contract to Thomas Construction Company; that plaintiffs were sufficiently experienced and equipped to perform such contract fully and efficiently; that the failure of the Board to advertise for bids, its refusal to consider the offer of the plaintiffs, and the award of the contract to the defendant Thomas Construction Company were unlawful, fraudulent and contrary to public interest and would be a wrongful expenditure of public money. It is averred that plaintiffs, as taxpayers, represent all the taxpayers and the public interest and have no adequate remedy at law; that irreparable harm will result if the relief prayed for is not granted. The prayer of the petition is that the court adjudge the contract unlawful; that it be set aside and for naught held; that the Board be permanently enjoined and restrained from continuing with said contract or making any payment thereunder to the Thomas Construction Company, and for further relief as to the court may seem proper. The record shows no restraining order or temporary injunction issued or requested, nor is it claimed that any such order was made.

The plaintiffs seek to uphold the sufficiency of its petition under Section 8.250 RSMo 1949, V.A.M.S., regulating the expenditure of public funds. On the merits of the appeal the defendants contend that the above section does not apply for the reason that the funds referred to in the petition were not public funds in the sense therein used, and that the petition, absent the conclusions contained therein, which they say they do not admit by their motion to dismiss the cause, fails to state a cause of action.

However, our attention must necessarily be first directed to the defendants' motions to dismiss this appeal. These motions, filed January 2, 1953, after the appeal was taken and before submission of the same, state that after the trial court ruled that the petition stated no cause of action, defendants were obligated to proceed with and to complete the contract in the shortest time reasonably practicable; that prior to December 15, 1952, the contract was fully performed and all payments due thereunder were duly paid; that meanwhile plaintiffs delayed the prosecution of their appeal until after the completion of the contract; that the issues and matters in controversy here have become moot and the appeal should therefore be dismissed.

With the defendants' motions to dismiss this appeal there was filed the supporting affidavit of Richard L. Douglas to the effect that he was and had for thirty-three years been a member of the Board of Re-

gents of the Northwest Missouri State College and is its Vice-President and a member of its Executive Committee, and that he knows the facts stated in said motions to be correct; that early in 1951, the women's dormitory building of said college was badly damaged by explosion and fire originating from an explosion of a gas tank nearby and used by the St. Joseph Light & Power Company, which company recognized its liability for such damages and settled the same with the Board on the basis of a bid of the Thomas Construction Company received by the Board along with four other bids, advertised for and received by the Board as a means of determining the damages and cost of the restoration of said building, and that the said St. Joseph Light & Power Company paid to the Board of Regents the amount of the Thomas Construction Company bid, which amount was in the hands of the Board at the time the contract was awarded to and made with the Thomas Construction Company; that all such payments under said contract were paid out of the money so received in settlement with the St. Joseph Light & Power Company.

The motions to dismiss the appeal and the supporting affidavit contained an affidavit that on December 31, 1952, a copy of same and notice of the filing thereof were mailed to counsel for the plaintiffs on that date. No counter affidavit nor other filings on plaintiffs' part pertaining to the motions to dismiss the appeal appear in the record or files.

According to the motions to dismiss the appeal and their supporting affidavit, which stand uncontroverted, the contract sought to be set aside and the performance of which is sought to be enjoined has been fully performed by both parties thereto. The plaintiffs prayed for no damages nor other specific relief, legal or equitable, except that the contract be set aside as unlawful, and that further payments thereunder be enjoined. Whatever may have been the availability of such a remedy and relief at the time the petition was filed and ruled insufficient, conditions have arisen pending this appeal which make it impossible for the court in the instant case, now to grant any relief therein growing out of any finding that the contract was not lawfully made.

■ The general rule is that an appellate court will not consider matter de hors the record. However, one exception to that rule is that such court will consider evidence outside the record to determine whether the question in controversy has become moot. 4 C.J.S., Appeal and Error, § 1211, p. 1712. "If, pending an appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal or writ of error will be dismissed. Thus an appeal will be dismissed where, by reason of a change of conditions or circumstances the question has become moot * * *. The occurrence of such an event may be shown by extrinsic evidence, or noticed by the court where it is a matter of judicial notice". 4 C.J.S., Appeal and Error, § 1362 a, p. 1967, and § 40 d, p. 119.

■ It is not one of the functions of a court to determine mere abstract questions of law where no relief can be granted any of the parties, or to supply mere vindication for the action of a party in the bringing of a lawsuit. It is for the purpose of relief in actual controversies that prosecution of lawsuits is justified. In State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676, where mandamus was sought to obtain the issuance of a building permit from the Superintendent of Buildings of Kansas City, who declined to issue the same on the ground that it was prohibited by the Zoning Ordinance of the City, and pending the appeal of the case it was brought to the attention of the appellate court that the Board of Zoning Appeals had in the meantime granted the relief sought, the court refused to entertain the appeal further for the mere purpose of testing the constitutionality of a "vicious" ordinance as urged by the appellant. The court found the controversy had become moot and dis-

missed the appeal. Reviewing the many authorities to support such action the court further adopted the following quoted rule: "'The appellate court may receive proof or take notice of facts appearing outside the record for the purpose of determining the moot character of a question presented to it.'" 19 S.W.2d 678.

In State ex rel. Donnell v. Searcy, 347 Mo. 1052, 1059, 152 S.W.2d 8, 10, the Supreme Court said: "Furthermore, we have held that we have the power to notice facts outside the record for the purpose of considering the moot character of a question before us". Citing State ex rel. Myers v. Shinnick, supra. The court proceeded to state: "Where there is no actual controversy existing at the time of the argument on appeal the appellate court as a general rule will not undertake to determine the case. Joplin Water Works Co. v. Jasper County, 327 Mo. 964, 38 S.W.2d 1068."

 That the contract, the performance of which the plaintiffs, by their petition, seek to restrain and enjoin as unlawful under the statutes, has been fully performed on the part of the defendant Thomas Construction Company by a complete restoration of the building as per specifications and by payment by the defendant Board of Regents to the Thomas Construction Company of all payments due thereunder is brought to our attention by the motions to dismiss the appeal and the supporting affidavit of the Vice-President of the Board. As stated, no counter-affidavits have been filed nor any other challenge has been made to the motions to dismiss the appeal or the supporting proof.

Section 509.280 RSMo 1949, V.A.M.S., provides that an application to the court for an order shall be by motion. Section 509.290 authorizes certain objections therein specified "and other matters" to be raised by motion when they do not appear from the pleadings and other papers filed in the cause. It also requires the grounds therefor to be stated and allows supporting affidavits and counter-affidavits. Section 509.400 states that all defenses and objections for which there is no provision for raising of the same by motion shall be raised in the responsive pleading, if one is permitted. If a responsive pleading is required, all objections and defenses not raised therein are waived, except failure to state a claim or defense and except jurisdictional defenses. In the instant matter, no responsive pleading on the part of defendants would be required pending an appeal from the ruling of the trial court that plaintiffs' petition failed to state a cause of action. Therefore the objection that events subsequent to the appeal had made the cause moot, we believe would properly be included under Sections 509.-280 and 509.290, authorizing motions in "other matters" that do not appear on the face of the petition. It is not a motion on the merits of the points made upon the appeal but for an order to dismiss the appeal itself on the ground that the cause had meanwhile become moot. Since Section 509.290 authorizes motions raising objections not appearing from the pleadings to be supported by affidavits and controverted by counter-affidavits, the court may consider such affidavits in determining the truth of the grounds pleaded in the motion.

The motions to dismiss this appeal, with their supporting affidavit, being permissible procedure, and the facts therein verified and uncontroverted, showing this cause has become moot, it follows that the motions should be sustained and the appeal dismissed. It is so ordered.

All concur.