Henrietta Marie Rothove EICHOLZ, Joe Eicholz, Caroline D. Pinnell and Clarence Pinnell (Plaintiffs), Appellants,

v.

L. L. DAVIS, Sheriff of Osage County, Missouri, and Andrew Herman Rothove (Defendants), Respondents.

No. 29468.

St. Louis Court of Appeals.

Missouri.

April 17, 1956.

Motion for Rehearing or for Transfer to Supreme Court Denied May 11, 1956.

William A. Seibel, Jefferson City, for appellants.

Keyes & Bushman, Sam Bushman, Jefferson City, D. M. Cuthbertson, Fulton, Lauf & Bond, John W. Goodin, Jefferson City, for respondents.

HOUSER, Commissioner.

This is an action in equity brought by Henrietta Marie Rothove Eicholz, Joe Eicholz, Caroline D. Pinnell and Clarence Pinnell to enjoin L. L. Davis, Sheriff of Osage County, and Andrew Herman Rothove, plaintiff in a partition suit then pending in the Circuit Court of Osage County, from proceeding under an order of sale with a partition sale of real estate set for May 6, 1954. Defendants filed separate motions to dismiss the petition on the ground of res adjudicata, insufficiency of the petition to state facts sufficient to constitute a cause of action, and lack of interest of the parties plaintiff in the real estate. On May 6, 1954 the petition and the motions to dismiss were presented to and sustained by the trial court, which dismissed the petition and denied plaintiffs both temporary and permanent injunctions. Plaintiffs appealed to the Supreme Court from the order of dismissal and denial of injunctive relief. On jurisdictional grounds the Supreme Court has transfer-

red the appeal to this court for determination.

The petition for injunction alleges that plaintiff Henrietta obtained a divorce from defendant Andrew on March 26, 1952; that on March 29, 1952 Henrietta procured the issuance of a general execution on a judgment against Andrew for past due support and maintenance and attorneys' fees, under which she intended to levy upon Andrew's interest in the real estate in question; that Andrew filed a motion to quash the execution on the ground that the property was under the jurisdiction of the circuit court by reason of a partition suit filed by him on March 29, 1952 in which he sought to partition the land and sell Henrietta's and Andrew's interests therein; that no hearing was had on the motion to quash and the sale was not conducted because the circuit judge was taken to the hospital for an emergency operation on the date of the proposed sale; that a second execution was issued and a second motion to quash was filed on the same ground; that the second motion to quash was never called up for hearing by Andrew or his attorneys; that the sheriff's sale under execution was held on August 15, 1952, at which time the real estate (then subject to a judgment lien in favor of plaintiff Joe) was sold to Henrietta; that Henrietta and Joe executed a warranty deed to Clarence and Caroline who in turn executed a deed of trust to a third person for part of the purchase price; that the sheriff's deed, the warranty deed from Henrietta and Joe to Clarence and Caroline, and the deed of trust from Clarence and Caroline to the third party, all dated August 15, 1952, were recorded on that date; that on August 21, 1952 Andrew filed a motion to quash the return of the sheriff in the execution sale and to declare the sheriff's deed void and that on September 4, 1952 Andrew filed an amended motion to quash, which was presented to a special circuit judge on September 9, 1952 and by him taken under advisement; that Joe had satisfied his judgment of record and released his lien against the land in reliance on the inadequacy and ineffectiveness of the motions to quash execution filed by Andrew's attorneys; that on October 10, 1952 the special circuit judge signed an order quashing the execution, which was received by mail by the circuit clerk on December 12, 1952; that on neither of these dates was the special circuit judge present in the county for the purpose of holding court; that the said order is void for not having been made by a judge while sitting as a court at a time and place as designated by law; that Andrew and his attorneys are guilty of laches so as to estop them from asserting the invalidity of the execution sale of August 15, 1952; that if the sheriff is permitted to sell the real estate at a partition sale it will result in a cloud on the title to the real estate purchased by Clarence and Caroline, will deprive Joe of his property without due process of law, and that plaintiffs have no adequate remedy at law. The prayer was for a writ of injunction enjoining and restraining the sheriff and Andrew from proceeding with the partition sale and from interfering with the possession or title of Clarence and Caroline in and to the land, and for such other relief as the court might deem just.

On this appeal plaintiffs, in support of their petition, make four points by which they seek to convict the trial court of error in dismissing the petition and denying plaintiffs a temporary and permanent injunction.

Of first concern, however, is the motion of L. L. Davis to dismiss the appeal. The motion to dismiss, originally filed in the Supreme Court on April 5, 1955 and received in this court on September 29, 1955, alleges that "at this time no actual controversy exists between the parties hereto and said appeal presents only a moot issue or question * * *." In support of the motion Sam Bushman, attorney for the sheriff, filed an affidavit in which he stated that he was attorney for certain intervenors in the partition suit; that after the dismissal of appellants' petition for injunction on May 6, 1954 and on the same date the sheriff conducted the partition sale and sold the real estate to Marie Schleer; that a report of sale was made

to the circuit court, which subsequently entered its order approving and confirming the sale, in compliance with which the sheriff executed his deed in partition conveying the real estate to the purchaser, Marie Schleer; that no appeal was taken from any order or judgment made and entered in the partition suit; that acting as attorney for Marie Schleer and on or about July 29, 1954 affiant filed in the same circuit court a petition naming Clarence and Caroline, and the trustee and the beneficiary under the deed of trust mentioned in appellants' petition, as defendants, alleging and claiming that by virtue of the partition deed Marie Schleer was the owner in fee simple of the real estate and praying for a judgment decreeing that defendants had no right, title or interest in the real estate; that after proper service and the filing of answers and counterclaims and of a proposed third party petition, in which appellants sought to have the partition proceedings invalidated, the circuit court overruled the motion of Clarence and Caroline to bring in third party defendants and sustained Marie Schleer's motion for judgment on the pleadings; that Clarence, Caroline, and the trustee, and the beneficiary appealed to the Supreme Court which appeal is now pending in that court. The facts alleged in the affidavit of Sam Bushman have not been controverted.

■■■ In order to determine whether a question presented by an appeal has become moot we are permitted to receive and consider matter dehors the record. Koch v. Board of Regents of Northwest Missouri State College, Mo.App., 265 S.W.2d 421; Baker v. Aetna Casualty & Surety Co., Mo.App., 193 S.W.2d 363; State ex rel. Donnell v. Searcy, 347 Mo. 1052, 152 S.W.2d 8; 4 C.J.S., Appeal and Error, § 1211, p. 1713. Under the uncontradicted facts disclosed by the affidavit the motion to dismiss the appeal should be sustained, for the reason that no actual controversy exists between the parties. The question is moot, namely, whether the party plaintiff in the partition action, and the sheriff, should be enjoined from conducting a partition sale on a date long since past. The sale sought to be enjoined has been held. If we should determine on this appeal that the lower court erred in dismissing the petition and rule that an injunction should have issued to stop the sale our order of reversal and remand would be an empty, vain and futile thing for we cannot set the clock back to enable the lower court to enjoin the conduct of a sale which has already been conducted, correct injuries that have already been committed or restore parties to rights of which they have already been deprived. Hurtgen v. Gasche, Mo.App., 227 S.W.2d 494, appeal transferred Mo., 223 S.W.2d 493; Fugel v. Becker, Mo.Sup., 2 S.W.2d 743. If appellants should prevail on this appeal we could do nothing but determine an abstract question of law. Courts are organized and maintained for the sole purpose of declaring actual, existing legal rights and of affording and granting relief in actual controversies, Koch v. Board of Regents of Northwest Missouri State College, supra; Hurtgen v. Gasche, supra; State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676; Fugel v. Becker, supra, and not for the purpose of vindicating the action of parties in litigation, where no relief can be granted, Koch v. Board of Regents of Northwest Missouri State College, supra; State ex rel. Myers v. Shinnick, supra, or of determining questions that are moot.

The Commissioner recommends that the motion to dismiss the appeal be sustained.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The motion to dismiss the appeal is, accordingly, sustained and the appeal is dismissed.

ANDERSON, P. J., MATTHES, J., and BLAIR, Special Judge, concur.