**George H. BROOKS, Individually and on behalf of all others similarly situated, (Plaintiff) Appellant,**

v.

**The CLUB EXCHANGE CORPORATION, a Corporation, (Defendant) Respondent.**

No. 31039.

St. Louis Court of Appeals.

Missouri.

April 17, 1962.

Motion for Rehearing or for Transfer to Supreme Court Denied May 15, 1962.

Goldenhersh & Goldenhersh, Samuel J. Goldenhersh, Frank J. Lane, Jr., Dubinsky & Duggan and Jerome Duggan, St. Louis, for appellant.

Douglas B. Remmers, Robert D. Evans, Green, Hennings, Henry, Evans & Arnold, St. Louis, for respondent.

SAMUEL A. DEW, Special Commissioner.

Plaintiff sued to cancel the appointment of defendant as attorney-in-fact for plaintiff and others, subscribers and policyholders in a reciprocal insurance group. From an order of the trial court sustaining a motion to dismiss the action, the plaintiff has appealed.

The plaintiff, in his petition, alleges that he is bringing this action for himself and others in a similar situation; that he is a subscriber and a policyholder in the Automobile Club Inter-Insurance Exchange (hereinafter referred to as Inter-Insurance Exchange), a voluntary reciprocal insurance group; that he and others similarly situated designated the defendant corpora-

tion as their attorney-in-fact, thereby creating a trust relationship between them and defendant and that in such fiduciary capacity, defendant has enriched itself at the expense of plaintiff and such other subscribers and Inter-Insurance Exchange, for which unjust enrichment plaintiff asks for an accounting from defendant.

The petition alleges that presently the plaintiff is being sued for damages and that Inter-Insurance Exchange has undertaken the defense. It is stated that the present action is brought in behalf of Inter-Insurance Exchange; that it would be futile to request that group to bring this action since it is managed and directed by an Advisory Board or defendant, although requested; ant; that information and relief pertaining to plaintiff's complaints made herein have not been forthcoming from the Advisory Board appointed and supplied by defendant that defendant has had an income from Inter-Insurance Exchange over the past five years of approximately $7,800,000 through the acquiescence of the Advisory Board; that said Board is dominated and controlled by the defendant, whereby defendant has been permitted to appropriate for its own use some $7,800,000 over the past five years from the assets of the plaintiff, the other such subscribers and the Inter-Insurance Exchange, in breach of said fiduciary relationship of the defendant; that the Advisory Board, during the last five years, lost for the plaintiff and such other subscribers and the Inter-Insurance Exchange, by investments, the sum of $187,000, as to which defendant has taken no action for recovery of same; that during said period the Reserve and Surplus Fund of Inter-Insurance Exchange has been depleted by $800,000 and defendant, in violation of its fiduciary relationship aforesaid, has taken no steps to recover same. Plaintiff also alleged that defendant and said Advisory Board are proposing a purchase of the common stock of the defendant by Inter-Insurance Exchange, at the unconscionable price of $72 per share, which purchase would work an irreparable harm to plaintiff, to the other subscribers and to Inter-Insurance Exchange; that during the last five years there has been vast depletion of surplus funds, and dividends have been paid out of prior accumulated surpluses; that such misconduct on the part of defendant will expose plaintiff and other subscribers to a contingent assessment; that the agreement appointing defendant as attorney-in-fact provides that the plaintiff can cancel the same upon notice; that the Advisory Board and Inter-Insurance Exchange should cancel said agreement appointing defendant as said attorney-in-fact, and so long as they show no interest in doing so, the plaintiff and other subscribers will suffer irreparable harm.

The petition further states that plaintiff and the other subscribers similarly situated are at the whim and caprice of defendant; that the assets of Inter-Insurance Exchange will continue to be dissipated unless the relationship as attorney-in-fact between defendant and the plaintiff, and the Inter-Insurance Exchange be terminated instanter.

The petition asks that an order be made directed to defendant to show cause why such relationship should not be forthwith terminated in the interest of justice and equity.

The formal prayer of the petition was that an order be made and directed to defendant "as to canceling forthwith the agreement existing between the plaintiff, all others similarly situated and the Automobile Club Inter-Insurance Exchange and the defendant wherein defendant is named as attorney-in-fact, and that the court forthwith appoint an attorney-in-fact for this plaintiff, all others similarly situated, and the Automobile Club Inter-Insurance Exchange; to have an accounting of the funds, money and property of this plaintiff, all others similarly situated, and the Automobile Club Inter-Insurance Exchange, collected, disbursed, managed, retained and

handled by the defendant," and for general relief.

The grounds of defendant's motion to dismiss were that the court lacked jurisdiction of the subject matter because the relief sought was within the provisions of the Insurance Code and subject to the sole control of the Superintendent of Insurance and because said Superintendent alone could request such relief; that plaintiff lacked legal capacity to bring this action because such Superintendent alone is authorized to do so, and the petition fails to state a claim upon which relief can be granted. Attached to the motion was a sworn copy of the agreement signed by the plaintiff, appointing defendant as said attorney-in-fact.

The court sustained the motion to dismiss on the stated grounds that the court lacked jurisdiction of the subject matter in the cause, and that plaintiff had no legal capacity to bring the action.

The plaintiff presents for our review the single point that "plaintiff, as principal, has a common law right to bring this action to dismiss his agent, Defendant, which right has not been pre-empted by any statute or other authority giving such power solely to the Superintendent of Insurance of Missouri."

In defendant's answer brief, timely served and filed herein, it is stated that "Following the dismissal of appellant's action the plan of reorganization of the reciprocal which apparently prompted the action, was put into effect. A new attorney-in-fact, with the approval of the Superintendent of Insurance, was substituted for respondent and respondent Corporation was dissolved and completely liquidated."

Plaintiff's reply brief made mere reference to the quoted part of defendant's brief, characterized it as a comment outside of the record on matters not in evidence, as an obvious attempt to influence this court's disposition of the case, and asserts that the statement described is indicative of defend-

ant's complete lack of regard for the rights of any other party than itself.

In the course of the oral arguments the defendant's counsel urged that the case had now become moot on account of the quoted matters in the answer brief referred to above. The plaintiff's counsel in his rebuttal argument, upon questions by the court, stated that he knew of the assertion in the defendant's brief in question but he neither denied it nor did he challenge its effect upon this appeal.

This court, therefore, has no reason to question the truth of the averment, thus brought to its attention in open court and not explained or denied by the plaintiff, that since the dismissal of this action by the trial court, the defendant has ceased to occupy the status and position of said attorney-in-fact sought to be terminated by this action; that a successor to the defendant has heretofore been appointed with the approval of the Superintendent of Insurance, and that the defendant corporation has already been dissolved and liquidated.

Hence, the sole issue submitted for our review as to whether plaintiff has a common-law right to dismiss defendant as his attorney-in-fact has become a moot question as to which this court could not now grant the plaintiff effectual relief.

This court has the power to notice facts outside of the record for the purpose of considering whether the issue submitted is moot. State ex rel. Myers v. Shinnick, Mo., 19 S.W.2d 676; State ex rel. Donnell v. Searcy et al., 347 Mo. 1052, 152 S.W.2d 8. We find no public interest or other element that would now justify the otherwise empty formality of determining the point assigned for our review. State ex rel. Dyer v. Union Electric Company et al., Mo.App., 312 S.W.2d 151.

For the reasons stated this appeal should be dismissed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by SAMUEL A. DEW, Special Commissioner, is adopted as the opinion of the Court.

The appeal is accordingly dismissed.

ANDERSON, P. J., WOLFE, J., and HARRY A. HALL, Special Judge, concur.