**Virgil Millard POLLARD, Plaintiff-Appellant,**

v.

**Thomas A. DAVID, Director, Department of Revenue, Dale Belsche, and Carl Kistler, Defendants-Respondents.**

**No. 52612.**

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1967.

James J. Wheeler, Keytesville, for plaintiff-appellant.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

On September 3, 1966, the appellant Pollard refused to take a "chemical test of his breath" (RSMo Supp.1959, § 564.441, V.A.M.S.) and, effective October 9, 1966, the Department of Revenue, pursuant to § 564.444, RSMo Supp.1959, V.A.M.S., revoked his driver's license for the period of one year. Five days after the revocation Pollard instituted this action in two counts for "hearing on revocation of driver's license and for restraining order" also as provided by § 564.444. In his two-count petition Pollard alleged that the officers involved had no lawful right or cause to arrest him and so in the first count he prayed that the court determine the lawfulness of his arrest and "order his driver's license be restored." In the second count he stated that he operated a general store at Indian Grove, that it was necessary to his business that he operate a motor vehicle and so he prayed an order restraining the Department of Revenue from revoking his license. The court found all issues for the defendants, (the plaintiff joined the arresting officers as parties) and Pollard has appealed. "Thomas A. David, Director, Department of Revenue" is a defendant-respondent and was represented in the trial of the cause, it is claimed, inferentially if not directly, that appellant's state constitutional rights have been violated and therefore initial appellate jurisdiction is appropriately in this court. Const.Mo. Art. 5, Sec. 3, V.A.M.S. and compare Wilson v. Morris, Mo., 369 S.W.2d 402; Puckett v. Morris, Mo., 388 S.W.2d 787 and Shepherd v. Department of Revenue, Mo., 370 S.W. 2d 381.

■ Nevertheless, upon this record another fundamental jurisdictional problem presents itself and may not be ignored. Fugel v. Becker, Mo., 2 S.W.2d 743, 746. Mr. Pollard's driver's or operator's license was revoked for the period of one year, effective October 9, 1966,—"the director shall revoke the license of the person refusing to take the test for a period of not more than one year." RSMo Supp.1959, § 564.444, V.A.M.S. The cause was submitted to this court on September 21, 1967, and thus during the pendency of the appeal the one-year suspension of Mr. Pollard's license by its own terms expired on October

9, 1967, and the problem is whether by mere lapse of time the cause has become moot and, therefore, in the court's discretion should be dismissed, here "because the situation has so changed that the relief sought cannot be granted" (State ex rel. Myers v. Shinnick, Mo., 19 S.W.2d 676, 678), or "wherein no practical relief can follow a judicial determination of the controversy." Joplin Waterworks Co. v. Jasper County, 327 Mo. 964, 38 S.W.2d 1068, 1075. And in further explanation of "moot case" see State ex rel. Donnell v. Searcy, 347 Mo. 1052, 152 S.W.2d 8 and Koch v. Board of Regents, Mo.App., 265 S.W.2d 421. As to the prayer for injunctive relief, one of the purposes of an injunction is to prevent future mischief, not "to restrain acts that have already occurred, or that are impossible of future occurrence because of the passage of time." Hurtgen v. Gasche, Mo.App., 227 S.W.2d 494, 498.

■ Several of the above cited cases are illustrative of the fundamental principle involved but precisely analogous are Personal Finance Company v. Day, 349 Mo. 1139, 164 S.W.2d 273, and Euclid Terrace Corp. v. Golterman Enterprises, Mo.App., 327 S.W.2d 542. In the Day case the appellant was enjoined from entering into a competing employment for the period of one year following the termination of a contract. While the cause was pending on appeal "the injunction decree expired by its own terms," as a consequence "no controverted issue remained in the case" and therefore the case was dismissed as moot. In the Euclid Terrace case the appellants attempted to redeem certain real estate from foreclosure, they failed, however, to comply with the statute and tender or pay the sums prerequisite to redemption within one year which "expired while this appeal was pending." The court reviewed a number of cases and ended by dismissing the cause as moot because any judgment rendered "could not have any practical effect upon any then existing controversy." (327 S.W.2d loc. cit. 544–545). For the reasons indicated, this cause became moot

while under submission and for that reason the appeal is dismissed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

FINCH, P. J., DONNELLY, J., and ADAMS, Special Judge, concur.

EAGER, J., not sitting.