**GERSHMAN INVESTMENT CORPORATION, Respondent,**

v.

**John C. DANFORTH, Attorney General, Appellant.**

**No. 56373.**

Supreme Court of Missouri, En Banc.

Dec. 13, 1971.

Rehearing Denied Jan. 10, 1972.

Gideon H. Schiller, Ackerman, Schiller & Schwartz, Clayton, for respondent.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for appellant.

HOLMAN, Judge.

In this declaratory judgment action plaintiff, for itself and others similarly situated, sought a judgment declaring that certain opinions of the defendant Attorney General which ruled that § 362.195 [1] is unconstitutional are erroneous and further declaring that said statute "is constitutional in all respects." The petition also prayed that defendant be enjoined from instituting quo warranto proceedings against plaintiff and other corporations making FHA loans at interest rates in excess of 8% per annum. The trial court did not grant the injunctive relief but adjudged that the opinions were erroneous and they were ordered withdrawn by defendant, and also that the foregoing statute is constitutional. Defendant has appealed. We have appellate jurisdiction because a state officer is a party, and, an

1. Statutory references are to RSMo 1969, V.A.M.S.

issue is presented involving the construction of a provision of the Missouri Constitution.

The parties filed an agreed statement of facts. The following facts taken therefrom will disclose the situation which brought about the filing of this suit. The principal function of the Federal Housing Administration is to provide government insurance on real estate loans. There is a large number of "FHA approved mortgagees" in Missouri and it is estimated that from 25 to 50% of the loans made in this state are insured by FHA. FHA regulations determine the maximum interest rate which a lender is permitted to charge on an FHA insured loan. From 1961 to and including 1969 the maximum rate varied from 5¼% to 7½%. Plaintiff, since 1955, has been operating in St. Louis County, Missouri, in the mortgage banking business as an FHA approved mortgagee. Its manner of operation is to make FHA insured loans in this state and then sell them to various purchasers outside the State of Missouri, such as insurance companies, banks, and other investors.

Section 362.195 provides, among other things, that no law of this state limiting interest rates upon loans shall apply to loans made pursuant to certain designated sections which relate to FHA loans. The defendant Attorney General, in opinions dated December 18, 1969, and January 9, 1970, stated that § 362.195, when considered in connection with § 362.180, is unconstitutional because it attempted to set up a particular class of lenders exempt from the usury statutes in violation of Art. 3, § 44 of the Missouri Constitution, V.A.M.S., and that any loan made at a rate of interest in excess of 8% would violate the Missouri usury statutes. On January 5, 1970, the maximum FHA rate was increased to 8½%. The parties agree that there has been no judicial determination as to the constitutionality of § 362.195, and that the opinions of the Attorney General in respect thereto received widespread publicity throughout the FHA mortgage market; that as a direct result of said opinions many investors have declined to purchase FHA loans originating in Missouri because they were able to purchase such loans originating in other states bearing interest at the rate of 8½%, whereas, any Missouri loans bearing more than 8% were of doubtful validity in view of defendant's opinions, and therefore the market for Missouri FHA insured loans was substantially reduced.

Upon submission of the case the trial court made findings in accordance with the agreed statement of facts and, as heretofore indicated, entered a judgment for plaintiff.

Upon this appeal the Attorney General contends that the judgment should be reversed and the case remanded with directions to dismiss because the trial court rendered an improper advisory opinion in adjudicating the soundness of an attorney general's opinion when there was no other indication of actual controversy between the parties. In the event we reach the merits he, of course, contends that his opinion to the effect that the statute is unconstitutional is correct. Plaintiff contends that this is a proper action for declaratory judgment since the erroneous opinion of the Attorney General caused it to suffer actual injury and financial loss and hence a justiciable controversy was created. On the merits plaintiff says the trial court's judgment is sound and should be affirmed.

 We have concluded that the judgment should be reversed and the cause remanded with directions to dismiss, but we do so on a somewhat different theory than that suggested by defendant. We think this is a classic example of a case that has been rendered moot by developments occurring after it was instituted. This for the reason that it was conceded on oral argument that the maximum allowable FHA interest rate no longer exceeds 8%. As a matter of fact, we take judicial notice of the fact that interest rates have greatly decreased in the past 18 months and, since February 18, 1971, the maximum FHA rate has been

7%.[2] It therefore appears, without question, that plaintiff's business is suffering no injury whatever by reason of the opinion that the exemption statute is unconstitutional since it could not now make FHA insured loans at a rate exceeding 8%. And there is no certainty or even reasonable likelihood that the maximum rate, in the reasonably near future, will again exceed 8%.

"The application of the rule that a court will not determine moot questions or abstract propositions has resulted in other expressions or rules to the effect that the court will not express an opinion in a case in which no practical relief can be granted, or which can have no practical effect; that the court will not consider past questions when all ground for controversy is removed; that in the absence of some exigency the court will not predetermine a question, dependent upon some contingency or uncertainty, that may arise in the future under a state of facts which may be different from those which exist or may with certainty be anticipated; that the court will not lay down rules or propositions as to possible or probable issues, for the guidance of litigants as to their future conduct or dealings, however convenient or desirable for either party the authoritative settlement of the mooted questions involved may be * * *." 1 C.J.S. Actions § 17, p. 1015. And this court has said that "[C]ourts are not organized and maintained for the purpose of vindicating the actions of parties in bringing lawsuits or to settle abstract propositions of law, where no relief can be granted. That some relief is sought which may be granted is the only reason the courts recognize for the prosecution of causes. If no relief can be granted, either because it appears that such relief has already been obtained, or because the situation has so changed that the relief sought cannot be granted, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted, if it had not already been granted or could have been granted but for changed conditions." State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W. 2d 676, 678. We also approve the statement that " 'A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy.' Further, a case originally presenting an existing controversy may become moot by causes occurring after the commencement of the action. Again, the established rule is that such a case or question which has become moot ordinarily will not be considered by the Court unless it is one of great public importance, as where it involves a determination of public rights or interests under conditions that may in substance be repeated at any time." Lawyers' Ass'n of St. Louis v. City of St. Louis, Mo.App., 294 S.W.2d 676, 680. To like effect, see also Tootle v. Tootle, Mo.App., 362 S.W.2d 760 [5]; Triplett v. Grundy Electric Cooperative, Inc., Mo.App., 389 S.W.2d 401 [11, 12]; Corken v. Workman, 231 Mo.App. 121, 98 S.W.2d 153 [1, 2]; Ludwig v. Scott, Mo.Sup., 65 S.W.2d 1034 [7, 8]; and Fugel v. Becker, Mo.Sup., 2 S.W.2d 743.

In accordance with the foregoing authorities we rule, as indicated, that this case has become moot and that it would be inappropriate for the appeal to be decided on the merits.

The judgment is reversed and the cause remanded with directions to the trial court to dismiss the case.

All concur.

---

2. See Publication of U. S. Department of Housing and Urban Development, dated September 17, 1971, FHA C 4005.8, Appendix 5.