**Fred H. MUDGETT, Plaintiff-Appellant,**

v.

**Donald B. PETERSON, M.D., Superintendent, Fulton State Hospital, Fulton, Missouri, Defendant-Respondent.**

No. 56725.

Supreme Court of Missouri, Division No. 1.

July 17, 1972.

Morris, King, Stamper & Bold, M. Randall Vanet, Kansas City, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

HOLMAN, Presiding Judge.

Appellant, Fred H. Mudgett (hereinafter referred to as plaintiff) has appealed from the judgment of the trial court denying his petition for release from Fulton State Hospital. We have appellate jurisdiction because the case involves issues which, if decided, would require a construction of certain constitutional provisions. Art. V, § 3, Mo.Const., V.A.M.S. We deem it advisa-

ble to state at the outset, however, that we will not decide this appeal on the merits because the case has been rendered moot by developments occurring since the appeal was taken. For that reason we will not state the evidence in detail.

Plaintiff, with a history of sex offenses, was committed to the State Hospital in Fulton on July 2, 1953, as a criminal sexual psychopath and has been confined there most of the time since that date. See §§ 202.710 to 202.770.[1] His psychiatric treatment there does not appear to have been effective since he has demonstrated propensities for the commission of sex offenses on a number of occasions since his confinement. In 1956 he was transferred from the maximum security Biggs Building to a minimum security area and thereafter apparently raped a female employee, stole her car, and escaped. He was returned to the hospital in June 1957.

It appears that in 1965 he committed some sort of assault upon another female employee of the hospital. In October 1966 plaintiff was placed on probation in order to receive psychiatric treatment in Kansas City. He was returned, however, in December 1966 after allegedly assaulting a woman in Lawrence, Kansas. Since returning to the hospital he has received some group psychotherapy; has been kept busy with occupational and recreational therapy; and has proved helpful to the ward administration by assisting in ward self-government and in tutoring younger patients. He has taken correspondence courses from the University of Missouri and acquired 29 hours of credit.

Plaintiff complains that he has not been given sufficient psychiatric treatment or psychotherapy and is being imprisoned in violation of the Eighth and Fourteenth Amendments to the U. S. Constitution because, without more effective treatment, he will never recover and will be imprisoned indefinitely. In his petition he requests (1) his unconditional release, or (2) that

he be transferred to a minimum security area in order to prepare for eventual release, or (3) that he be ordered returned to Buchanan County for trial on the original criminal charge. He presented evidence indicating that he has not received extensive psychiatric treatment or psychotherapy since his return to the hospital in 1966.

The State presented the testimony of Dr. Absten, Director of the Biggs Unit, who stated that in his opinion plaintiff is a sadist, as well as a rapist, and that he is not capable of controlling his actions; that he considers plaintiff dangerous to others, particularly to females, and that he could not safely be transferred to a less secure unit; that he has not recovered but remains a sexual psychopath. He further testified that the hospital has psychotherapy available for plaintiff and is willing to administer such to him.

The trial court, in denying the relief plaintiff sought, made a finding that "petitioner has not recovered from his mental illness, and his present mental condition is such that his release from the maximum security portion of the state hospital would constitute a present and pressing danger to society."

At the time of oral argument of this case the attorneys stated that since this appeal was taken plaintiff and two other inmates have been charged with the first degree murder of a doctor who was on the staff of the hospital, which allegedly occurred when the three attempted to escape. Since the date of the alleged offense plaintiff, according to the attorneys, has been confined in jail awaiting trial.

█ We have concluded, as we did in the recent case of Gershman Investment Corp. v. Danforth, Mo.Sup., 475 S.W.2d 36, that this is a case that has been rendered moot by developments occurring after the appeal was taken.

---

1. Statutory references are to RSMo 1969, V.A.M.S.

**474**

This court has said: "That some relief is sought which may be granted is the only reason the courts recognize for the prosecution of causes. If no relief can be granted, either because it appears that such relief has already been obtained, or because the situation has so changed that the relief sought cannot be granted, the court will not go through the empty formality of determining whether or not the relief asked for might have been granted, if it had not already been granted, or could have been granted but for changed conditions." State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676, 678. See also the cases cited in Gershman, supra. In order to determine whether the questions presented by an appeal have become moot, we are permitted to consider matters outside the record. Eicholz v. Davis, Mo. App., 289 S.W.2d 433.

In this case plaintiff is no longer in the custody and under the control of defendant. For that reason it is obvious that no relief can be granted at this time. And it is very doubtful that practical relief of any kind could be granted for future administration. It is speculative as to whether plaintiff will ever be returned to the custody of defendant, and if so it may be in a capacity other than as a sexual psychopath. See §§ 552.010 to 552.080.

In view of the situation presented we rule, as indicated, that this case has become moot and that it would not be appropriate to decide the appeal on the merits.

The judgment is reversed and cause remanded with directions to the trial court to dismiss the case.

SEILER, J., and STUBBS, Special Judge, concur.

BARDGETT, J., not sitting.