**STATE of Missouri ex rel. Sammy Dean BURKS, Petitioner-Relator,**

v.

**The Honorable Ben F. PYLE, Judge of the Circuit Court of Jasper County, Missouri, Respondent.**

**No. 9602.**

Missouri Court of Appeals, Springfield District.

Aug. 30, 1973.

Sammy Dean Burks, pro se.

No appearance for respondent.

## ORIGINAL PROCEEDING IN MANDAMUS

PER CURIAM:

Relator, Sammy Dean Burks, is presently incarcerated in the Medical Center for Federal Prisoners, Springfield, Missouri, having served thirteen months of a three-year sentence for an undisclosed federal offense. While in custody of federal authorities, relator was notified in early October, 1972, that detainer warrants had been filed with his records on the basis of charges pending against him in the Circuit Court of Jasper County, Missouri. On October 16, 1972, pursuant to the "Agreement on Detainers," § 222.160, V.A.M.S., added by Laws 1971, S.B. No. 199, § 1, relator sought to produce an adjudication of these charges by serving written notice upon the Jasper County court and prosecuting attorney of his place of detention and desire for final disposition of the pending charges. No response of any kind was forthcoming. On May 25, 1973, relator was notified that the detainer warrants had been deleted from his records with the following notation: " 'Delete Detainer lodged by Sheriff, Jasper County, Joplin, Mo. per information from Bureau Legal Division, this detainer may now be treated void and without effect, and Mr. Burks may now be advised that he may petition the Court in Jasper County to dismiss the charges with prejudice.' " Relator duly filed a motion to dismiss the charges, and upon respondent's failure to rule upon this motion relator commenced the present proceeding for writ of mandamus to compel such a ruling.

An alternative writ of mandamus was issued on August 22, 1973, enjoining respondent to immediately proceed to hear and rule relator's motion or, in the alternative, to appear before this court on September 17, 1973, to show cause for refusal to do so. On August 27, 1973, notice was received from respondent that at the request of the Jasper County Prosecuting Attorney the charges pending against relator had been dismissed on the preceding day.

Wherefore, relator having been fully accorded the relief prayed for in his petition, and the issues herein thus having become moot, the alternative writ should be, and hereby is ordered quashed, and the cause dismissed. Mudgett v. Peterson, 482 S.W. 2d 472, 474 (Mo.1972).

All concur.