STATE of Missouri ex rel. J. L. THOMPSON, Relator,

v.

Larry Lee SIMMONS, County Clerk of Oregon County, Missouri, Respondent.

No. 9328.

Missouri Court of Appeals, Springfield District.

Sept. 12, 1973.

John C. Holstein, Richard D. Moore, Moore & Brill, West Plains, for relator.

Ray Lee Caskey, Pros. Atty., Alton, for respondent.

STONE, Judge.

This proceeding was instituted in the Circuit Court of Oregon County on May 2, 1972, by the filing of relator J. L. Thompson's petition in which he sought a writ of mandamus commanding Larry Lee Simmons, County Clerk of Oregon County, to accept relator's declaration of candidacy for the office of Sheriff of that county. On that date, an alternative writ of mandamus was issued and served, to which the County Clerk filed his return on May 24, 1972; and, on the issues thereafter joined by relator's answer, evidence was taken and the parties were accorded a plenary hearing on June 2, 1972, at the conclusion of which the alternative writ was made peremptory.

The litigated issue, upon which both parties adduced evidence, was whether or not relator, who had lived in Oregon County prior to 1955 but continuously thereafter had served in the United States Navy although frequently returning to Oregon County on visits, voting there either by absentee ballot or in person, and paying 1969 and 1970 taxes on real estate in Oregon County (but no taxes on personal property), was eligible for the office of Sheriff of Oregon County. This issue of eligibility vel non was determinable under § 57.010, RSMo 1969, V.A.M.S. which requires that the sheriff in any county in this state "shall be a resident taxpayer and elector of said county [and] shall have resided in said county for more than one whole year next before filing for said office . . . . " In refusing relator's declaration of candidacy, the County Clerk followed the counsel of his legal adviser, the Prosecuting Attorney of Oregon County, who in turn had talked with the Attorney-General's office. Finding that "the statutes of the state . . . are ambiguous," the trial court resolved such "ambiguity" in favor of relator, ordered the County Clerk to accept relator's declaration of candidacy and "cause his name to be placed upon the ballot for the August [1972] Primary as a candidate for Sheriff," and in discussing the court's ruling "strongly suggest[ed] that [the County Clerk] consider an appeal."

The fact that the resulting appeal, here under consideration, was neither submissible nor submitted prior to August 8, 1972, which we judicially know to have been the date of "the August [1972] Primary" [§ 120.310, RSMo 1969], immediately suggests that the issue presented to and ruled by the trial court has become moot. "A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy." Preisler v. Doherty, 364 Mo. 596, 602, 265 S.W.2d 404, 407(4) (banc 1954); Waterman v. City of Independence, 446 S.W.2d 471, 475(6) (Mo.App. 1969). See State ex rel. Cervantes v. Bloom, 485 S.W.2d 446, 448 (Mo.App. 1972).

For the purpose of determining the moot character of a case before us, we may notice facts and consider matters outside the record. Mudgett v. Peterson, 482 S.W.2d 472, 474(2) (Mo. 1972); State v. Brookshire, 377 S.W.2d 291, 292 (Mo. 1964); State ex rel. Donnell v. Searcy, 347 Mo. 1052, 1059, 152 S.W.2d 8, 10(2) (banc 1941). By the certificate of the County Clerk filed in this court, we know that he fully complied with the trial court's command in the peremptory writ of mandamus by causing relator's name to be placed upon the August 1972 primary ballot of the party of relator's choice as a candidate for Sheriff of Oregon County, but that another candidate on that ballot for the same office was nominated and subsequently elected at the November 1972 general election.

Our Supreme Court, en banc, per Lamm, C. J., a master of both the law and the English language, six decades ago declared that "[w]e do not sit as a moot court to determine speculative questions for the benefit of some other case in judgment at some other time . . . . [w]e do not sit in the comedy of Much Ado About

Nothing, if we know it in advance." State ex rel. Fischer v. Thomas, 249 Mo. 103, 108, 109, 155 S.W. 401, 402–403 (banc 1913). That doctrine has found hearty approval and ready application in many instances [e.g., Gershman Investment Corp. v. Danforth, 475 S.W.2d 36, 38 (Mo. banc 1972), and cases there collected; State ex rel. Myers v. Shinnick, 19 S.W.2d 676, 678(1–3) (Mo. 1929); State ex rel. Cervantes v. Bloom, supra, 485 S.W.2d at 448(3)]; and, with a trebled caseload of live, pressing issues, we are not inclined to depart from it now.

Accordingly, the appeal is dismissed.

TITUS, C. J. and HOGAN, J., concur.

BILLINGS, J., not participating.