**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Walbridge Powell EYBERG,
Defendant-Appellant.**

No. 13316.

Missouri Court of Appeals,
Southern District,
Division Two.

May 21, 1984.

Thomas Patrick Deaton, Jr., Public Defender, Elise Branyan, Asst. Public Defender, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

By information filed June 19, 1980, in the Circuit Court of Greene County, defendant Walbridge Powell Eyberg was charged with second-degree robbery in violation of § 569.030, RSMo 1978. The defendant gave written notice of his intention to rely solely on the defense of not guilty by reason of mental disease or defect excluding responsibility. The State accepted that plea. The trial court found defendant not guilty by reason of mental disease or defect excluding responsibility and committed defendant into the custody of the Department of Mental Health. The finding and order were dated September 2, 1981.

On January 13, 1983, defendant filed a petition pursuant to § 552.040.4, RSMo (Supp.1983), seeking an unconditional release. After a hearing, the trial court denied relief and the defendant appealed. While the appeal was pending and after it had been submitted, the Public Defender informally suggested to this court that the appeal might have become moot. At our request, the Public Defender's office promptly and courteously furnished the court with such records as it had available suggesting mootness.

■ This court has the power to notice facts outside the record for the purpose of determining whether or not questions before it have become moot. *State ex rel. Donnell v. Searcy*, 347 Mo. 1052, 1059, 152 S.W.2d 8, 10 (banc 1941); *Mudgett v. Peterson*, 482 S.W.2d 472, 474 (Mo.1972); *State ex rel. Thompson v. Simmons*, 499 S.W.2d 819, 820[1] (Mo.App.1973). From the records furnished, it appears that on April 27, 1984, defendant appeared in the Circuit Court of Greene County for hearing on another, subsequent application for release from the custody of the Department of Mental Health. After the hearing, the trial court found as a fact that the defendant no longer sought an unconditional release, but instead was actually seeking a conditional placement for treatment and supervision outside the mental health facility as permitted by §§ 630.610 and 632.385, RSMo

(Supp.1983). The defendant was remanded to the custody of the Department of Mental Health. Subsequently, an order of conditional placement was entered by the Director and the defendant returned to his family home. The Director's order was filed in the Circuit Court of Greene County on May 7, 1984.

The term "moot case" as used in appellate judicial practice has been used to describe varying situations, *Pollard v. David,* 421 S.W.2d 296–297[1] (Mo.1967), and, of course, dismissal of an appeal is discretionary if a cause has become moot after argument and submission. *State ex rel. Donnell v. Searcy,* 347 Mo. at 1059, 152 S.W.2d at 10[3]. However, the adjective "moot" aptly describes an appeal wherein no practical relief can follow a judicial determination of the controversy, *Joplin Waterworks Co. v. Jasper County,* 327 Mo. 964, 978, 38 S.W.2d 1068, 1075 (1931), and such is the case here. The defendant no longer seeks an unconditional release; he has modified his prayer for relief and has obtained the redress he sought and no judgment this court could render would have any effect upon any presently existing controversy. Factually, the cause is analogous to *Mudgett v. Peterson,* 482 S.W.2d 472.

We have concluded the appeal must be dismissed and our initial inclination was to do so by order. However, so there will be no misunderstanding, we have also concluded we should make it clear that the defendant loses nothing by the dismissal. The court had already decided that defendant was not entitled to an unconditional release at the time of the first hearing, and the judgment appealed from would have been affirmed. Having so stated we reiterate that the appeal should be and accordingly is dismissed as moot.

MAUS, P.J., and PREWITT, J., concur.