**MISSOURI REAL ESTATE COMMISSION, Plaintiff-Appellant,**

v.

**Jim CARR, V. Duncan, Dennis Farris & Holiday Investments, Inc., d/b/a Holiday Shores, Defendants-Respondents.**

No. 13994.

Missouri Court of Appeals, Southern District, Division Two.

July 31, 1985.

William L. Webster, Atty. Gen., Richard Baugh, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Faye M. Coultas, Curran, Coultas, Colyer & Clifford, Osage Beach, for defendants-respondents.

HOGAN, Presiding Judge.

On February 22, 1983, the Missouri Real Estate Commission brought this action in the Circuit Court of Camden County, seeking to enjoin the individual defendants and their corporate employer, Holiday Investments, Inc., from selling a species of interest in real property commonly known as a "time share" in condominiums being constructed in Camden County. Evidence was heard and the trial court denied relief. The Commission appealed. While the appeal was pending, the General Assembly enacted a Merchandising Practices Act, Laws of Mo.1985, H.B. 96, 346 & 470 [to be encoded as § 407.600—407.630], exempting certain types of "time-share" plans and "time share" property from the operation of Chapter 339, RSMo 1978, as amended.

Preliminary screening of the appeal has convinced this court that the species of "time share" being sold by defendants as agents and employees of the corporate defendant are exempted by that part of the legislative act which will become § 407.-610.5. By "exempted" we mean removed from the operation of Chapter 339, RSMo 1978, as amended, and therefore from the jurisdiction of the Commission, which is created by that chapter. The Merchandising Practices Act was passed as an emergency measure and became effective May 31, 1985. The defendants have moved to have the appeal dismissed as moot. On behalf of the Missouri Real Estate Commission, the Attorney General has urged the court to retain the cause on its docket as a matter of general interest and importance.

With deference to the learned Attorney General, we conclude that the appeal is moot. By "moot" we mean that no practical relief could follow a determination of the appeal on its merits. See *Joplin Waterworks Co. v. Jasper County*, 327 Mo. 964, 978, 38 S.W.2d 1068, 1075 (1931); *State v. Eyberg*, 671 S.W.2d 26, 28[3] (Mo. App.1984). The Commission no longer has authority to enforce any prohibition against the order of merchandising practice it seeks to enjoin, and the Attorney General is here only as a representative of the Commission. Further, an unanticipated change in the applicable law *may* prevent the species of collateral estoppel known as issue preclusion from operating, Restatement (Second) of Judgments § 28, Comment c (1982), so further fact-finding and adjudication may be necessary. No useful purpose could be served by retaining the appeal on the docket and entering a final decision on the merits. The appeal is dismissed as moot. See *State ex rel. Donnell v. Searcy*, 347 Mo. 1052, 1059, 152 S.W.2d 8, 10 (banc 1941).

PREWITT, C.J., and MAUS and CROW, JJ., concur.