**Bill HORTON, Plaintiff-Respondent,**

v.

**David DAHLMAN and Angelenea Dahlman, Defendants-Appellants,**

**and**

**Fred Stubbs and Lois Stubbs, Defendants.**

**No. 14272.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 29, 1987.

Steven E. Marsh, Springfield, for defendants-appellants.

HOGAN, Presiding Judge.

This is an action to enforce a mechanic's lien against property located at 1429 North Johnston in the City of Springfield. The trial court refused to impress a lien, but entered judgment for the plaintiff and against defendants Dahlman in the amount of $2,863.49. Defendants thereafter appealed. We conclude the cause is moot and accordingly dismiss the appeal.

Defendants David and Angelenea Dahlman purchased the property—a house and lot—from defendants Stubbs under a contract for deed in September 1982. After they had lived there for eight to ten months, Mr. and Mrs. Dahlman decided to separate. Assuming they had a right to do so, defendants Dahlman "... decided to sell the house, instead of [having] bad credit with the Stubbs."

Defendants Dahlman contacted the plaintiff who was, among other things, a real estate agent. According to Mrs. Dahlman, she and her husband intended only to list the property for sale, but mistakenly and at Horton's instance conveyed the property to Horton by a second contract for deed. It is inferable that plaintiff entered in possession of the property and began improving it.

Some time later, Mr. and Mrs. Dahlman discovered that the plaintiff had not sold the property, but was living in the house. Horton assured the Dahlmans that he intended to sell the property. At some point, it became apparent—according to the Dahlmans—that Horton intended to occupy the premises, perhaps permanently. Being in-

formed by defendants Stubbs that the original contract for deed conferred "... no authority to sell the house, no way, no how....," defendants Dahlman gave Horton notice to quit the premises. Horton complied and this action followed.

Although the defendants Dahlman appealed, and in fact presented a number of points on appeal, the respondent filed no brief and made no appearance in this court. While the appeal was pending, other counsel for the defendants Dahlman moved to dismiss the appeal as moot. In connection with the motion, documents were filed which show that the debt upon which this appeal is based was discharged in bankruptcy on August 11, 1986. The discharge was obtained in a Chapter 7 proceeding in the United States Bankruptcy Court for the Western District of Missouri by order dated January 6, 1987. The pertinent federal statute, 11 U.S.C.A. § 524(a)(1) (West 1979), provides that the discharge of a debt in bankruptcy "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged...."

■ It is well settled that an appellate court may notice facts outside the record for the purpose of determining whether an appeal is moot. *Mudgett v. Peterson*, 482 S.W.2d 472, 474[1][2] (Mo.1972); *State v. Eyberg*, 671 S.W.2d 26, 27[1] (Mo.App. 1984). While it is sometimes difficult to determine when a cause on appeal is "moot," a particular question may be considered moot when no practical relief can follow a judicial determination of the controversy. *State v. Eyberg*, 671 S.W.2d at 28[2–4]. Our courts have consistently held that an action to impress a mechanic's or materialman's lien is simply a method of collecting a debt and even if a mechanic's lien cannot be impressed upon the property, a personal judgment for the debt owed may be had. *R.J. Stephens Drywall and Painting Company v. Taylor-Morley-Simon*, 628 S.W.2d 374, 375–76 (Mo.App. 1982); *Richards Brick Co. v. Wright*, 231 Mo.App. 946, 957, 82 S.W.2d 274, 281[13] (1935). The trial court refused to impress a lien upon the property and its refusal to do so is not in issue here. Therefore, all that remains in issue on this appeal is the Dahlman's judgment debt. That debt has been discharged under the federal bankruptcy laws. A decision on the merits by this court can have no practical effect upon the issues tendered. The appeal is therefore moot and should be dismissed. It is so ordered.

PREWITT, C.J., and MAUS and CROW, JJ., concur.