**DICARLO CONSTRUCTION CO., et al., Appellants,**

v.

**The JUNIOR COLLEGE DISTRICT OF METROPOLITAN KANSAS CITY, Missouri, et al., Respondents.**

**No. WD 42802.**

Missouri Court of Appeals, Western District.

Nov. 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 2, 1991.

Application for Transfer Sustained Feb. 7, 1991.

Case Retransferred June 11, 1991.

Court of Appeals Opinion Readopted June 17, 1991.

---

Richard A. King, Thomas J. Fritzlen, Jr., Alvin R. Lundgren, Wirken & King, Kansas City, for appellants.

Darry Gene Sands and Edward R. Spalty, Armstrong, Teasdale, Schlafly, Davis & Dicus, Duane J. Fox and Paul G. Schepers, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, for respondents.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Dicarlo Construction Co. and several other construction companies filed suit against The Junior College District of Metropolitan Kansas City and J.E. Dunn Construction Company in which they prayed for declaratory judgment, temporary restraining order, preliminary and permanent injunction and writ of mandamus. The court entered summary judgment in favor of the College and Dunn.

Dicarlo has appealed and the College and Dunn have filed a motion to dismiss because the question presented has become moot. Appeal dismissed.

Dicarlo alleged that in March, 1989, the College entered into a contract with Dunn for construction management services in connection with construction at the Penn Valley Campus of the College. The petition alleged that the contract was not advertised for bids and was let without the solicitation and receipt of sealed bids as required by § 177.086, RSMo 1986.

The court refused to issue a temporary restraining order and the case proceeded to trial. At the conclusion of Dicarlo's evidence, the court entered summary judgment in favor of the College and Dunn.

The College and Dunn have filed a motion to dismiss the appeal on the ground the issues raised in this case have become moot because the construction referred to in Dunn's construction management contract has been completed and Dunn has been paid for its work. These facts are shown by affidavits attached to the motion to dismiss. Dicarlo does not dispute that the contract has been completed and all work paid for, but contends the appeal should not be dismissed as moot because this court should apply the exception to the mootness doctrine stated in *State ex rel. Missouri Pub. Serv. Co. v. Fraas*, 627 S.W.2d 882, 885[1] (Mo.App.1981).

There can be no doubt that the issues presented by this appeal have become moot. In *Koch v. Board of Regents of Northwest Missouri State College, et al.*, 265 S.W.2d 421 (Mo.App.1954), this court held under similar facts that an appellate court may receive proof of facts appearing outside of the record for the purpose of determining whether the question presented has become moot. *Id.* at 425. Dicarlo makes some argument that even though construction has been completed the issues have not become moot because of its prayer for damages contained in its count seeking a writ of mandamus for cancellation of the contract between the College and Dunn. However, when Dicarlo presented its evidence it made no effort to prove any damages. Thus, the claim for damages is not presented on this appeal. *Hubert v. Magidson*, 243 S.W.2d 337, 344[11] (Mo. 1951).

The main contention of Dicarlo is that the question of whether the College may enter into a construction management contract without soliciting and receiving competitive bids is a recurring question which will escape decision unless this court exercises its discretion and retains jurisdiction of this appeal. In *Fraas*, this court stated that an exception to the mootness doctrine is recognized when an issue is presented of a recurring nature which is of general public interest and importance and will evade appellate review unless the court decides the issue. 627 S.W.2d at 885[1]. In deciding whether to exercise discretionary jurisdiction the court considers whether the dis-

pute is simply a question of fact dependent upon the evidence in a particular case. If so, there is no necessity for a declaration of legal principle which would invoke the exception to the mootness doctrine. *Id.*

In this case, the construction management contract entered into between the College and Dunn contained a provision that Dunn guaranteed to the College that the construction would not cost more than a stated amount. From the cases cited by both parties it appears that a guarantee of construction cost is an unusual feature of a construction management contract. It is apparent that a decision on the question of whether a construction management contract is subject to § 177.086 is not possible in this case because of the particular provision of this contract guaranteeing the total cost of construction. The unusual provision in this contract would preclude a general declaration on the broad question which Dicarlo states will evade decision if this appeal is dismissed. In short, it appears that a decision in this case would involve a determination based upon the particular facts in this case and would not settle the question of the necessity to solicit and receive bids before awarding construction management contracts.

The relief sought by Dicarlo cannot now be awarded and this case does not call for application of the exception to the mootness doctrine. The motion to dismiss the appeal is sustained and this appeal is hereby dismissed.

All concur.