In the Matter of Driver's License of Alvis Leland SPENCER, Petitioner-Appellant.

No. 8827.

Springfield Court of Appeals.

Missouri.

Jan. 29, 1969.

Harold L. Henry, West Plains, for petitioner-appellant.

TITUS, Judge.

Petitioner's license and permit to drive a motor vehicle in Missouri was revoked by the director of revenue for one year effective March 16, 1968, because petitioner, following his arrest for intoxicated driving, allegedly refused to submit to a chemical test of his breath by use of a breathalyzer. The Circuit Court of Howell County refused petitioner's application for a judgment ordering the director to reinstate his license, and this appeal ensued.

This matter is civil in nature (Blydenburg v. David, Mo. (banc), 413 S.W.2d 284, 290) and is governed by § 564.444 RSMo 1959, V.A.M.S., which provides that if a person arrested for driving while intoxicated refuses to submit to the test, the arresting officer shall make a sworn report thereof to the director of revenue who, upon receipt of such report, "shall revoke the license of the person refusing to take the test for a period of not more than one year." Subsection 2 of the statute permits a judicial hearing on the revocation and prescribes that the prosecuting attorney "shall appear at the hearing on behalf of the arresting officer." The hearing is conducted to "determine only: (1) Whether or not the person was arrested; (2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) Whether or not the person refused to submit to the test." Should the judge determine any one of these three issues in the negative, "he shall order the director to reinstate the license or permit to drive."

We first examine our jurisdiction because the director of revenue, involved in administering the law, is a state officer and Article 5, § 3 of our Constitution, V.A.M.S. specifies, "The supreme court shall have exclusive appellate jurisdiction in all cases * * * where * * * any state officer as such is a party * * *." Unlike Pollard v. David, Mo., 421 S.W.2d 296, and Blydenburg v. David, supra, 413 S.W.2d 284, the director was not named as a party to this action and no constitutional question is being litigated. The director is not required to be made a party by § 564.444 and the action he takes in complying with the statute is purely perfunctory. He did not appear in this cause, for the prosecuting

attorney was appearing "on behalf of the arresting officer." The term "state officer" in its appellate jurisdictional sense "should ordinarily mean that the state officer is an adversary or contesting party." Wilson v. Morris, Mo., 369 S.W.2d 402, 405 (1). In this instance the director was, at the most, no more than a passive participant and, as regards the particular hearing in question, he was neither an adversary nor a contesting party. Ergo, we accept jurisdiction and proceed to determine the merits.

For our purposes here [1] it is sufficient to note that when a breathalyzer is ready for testing a red "empty" light appears on the upper left hand corner of the device to indicate "the instrument is empty and clear, ready to receive a breath sample." The subject being tested is then directed to blow into a mouthpiece, and if he does so properly "the red light would go out and a green light on the upper right hand corner would come on * * * that indicates there is sufficient breath or air in the instrument to run a test."

Officer Ivan Petrey arrested petitioner and took him to the West Plains, Missouri, police station where another policeman, James Henry Lusk, was present. Petitioner agreed to be tested. The breathalyzer was started, the red "empty" light appeared, and petitioner was directed to blow into the mouthpiece. Petitioner stated he blew into the mouthpiece "as hard as I could * * * two or three times." The policeman, agreeing that petitioner "tried to blow in it," nevertheless testified "he was blowing around the mouthpiece * * * the breath was going out of his mouth into the atmosphere." Apparently feeling petitioner's blowings were actually a ruse to foil the machine, the officers "didn't try" to obtain a reading or analyze the test and, according to petitioner, Officer Petrey said, "That's it. I'm just going to put you down as a refusal."

But there is more to this case than what Petrey and Lusk consider as unconscientious exhalations by petitioner. It is said "the breathalyzer machine is considered a reliable device." State v. Becker, Mo.App., 429 S.W.2d 290, 291. Therefore, we opine the contrivance could better gauge the volume and velocity of petitioner's huffings and puffings than police officers who rely solely upon unscientific sightings. If the breathalyzer gave petitioner the green light, then we should do likewise.

■ Upon the appeal of a court-tried case, this court reviews the entire matter upon the law and the evidence as in suits of an equitable nature, and makes its own findings of fact. Harrison v. Harrison, Mo.App., 417 S.W.2d 39, 43(3). It should be borne in mind that petitioner and the two police officers were the only witnesses at the hearing. As to the functioning of the breathalyzer during the testing period, petitioner testified, "I noticed a red light was on and then I blowed as hard as I could. I know it went out. And a green light came on." When asked, "isn't it a fact that a light did come on when [petitioner] blew on that?" Officer Petrey volunteered, "A light came on * * * a green light came on." Officer Lusk, who may have been bent on accommodating all sides of the controversy, proved to be a most equivocal witness. After explaining that when sufficient breath had entered the breathalyzer "to run a test * * * the red empty light would go out and a green light * * * would come on," the prosecuting attorney inquired of Lusk, "Did that happen at this time?" and the policeman replied, "No, sir. Not to my knowledge." Very shortly thereafter, on cross-examination, petitioner's counsel asked, "Do you know whether or not that green light came on?" and Lusk's unambiguous response was, "Yes, it did." On re-direct examination the prosecutor's first query was: "I'd like to ask you Officer Lusk. Did that green

---

1. Those interested in more details concerning the operation of the breathalyzer are referred to Defense of Drunk Driving Cases, 2nd Ed., by Richard E. Erwin, § 20, pp. 459–564.

light come on?" The unadorned answer was, "No."

■ Officer Lusk was the only witness who testified (at any given time) the green light did not appear. Where the testimony of a single witness is relied on to prove a given issue and his testimony is contradictory and conflicting, one version thereof tending to prove the issue and the other tending to disprove it, with no explanation or other circumstances present to explain the contradiction, no case is made and the trier of the facts should not speculate or guess which statement is true and which is false. Stephens v. Thompson, Mo., 293 S.W.2d 392, 394(1); Stoll v. First Nat. Bank of Independence, 234 Mo.App. 364, 376, 132 S.W.2d 676, 682(9). We, as an appellate court in a de novo review of a case, are neither compelled nor inclined to believe a witness who testifies in diametrically opposite directions to succeeding questions, and "when no explanation or excuse for the variance is given, as in the instant case, the matter of the probative effect of such bald contradictions ought to be left to the court to be passed on as a matter of law." Steele v. Kansas City Southern Ry. Co., 265 Mo. 97, 117, 175 S.W. 177, 182.

■ We are not involved with determining the guilt or innocence of petitioner in driving a motor vehicle while intoxicated. The single issue is whether or not he refused to take the breathalyzer test. If he expelled a sufficient quantity of breath into the machine to cause the green light to appear and thus permit an analysis to be made, it cannot be said he refused to take the test. The testimony of Officer Lusk was self-destructive and should be eliminated from consideration. This leaves us with the evidence of petitioner and Officer Petrey, the arresting officer, that the green light did come on after petitioner blew into the device. With the record in this posture there is no proof of petitioner's refusal, only evidence that he did take the test as he had agreed.

■ The petition to the court for a review did not affect the revocation in any way. Consequently, petitioner's driver's license has been revoked since March 16, 1968. It is unfortunate for him the appeal has been time-consuming and was not submitted to this court until January 23, 1969. Ordinarily we would reverse and remand this matter to the trial court with directions to enter judgment ordering the director to reinstate the license. However, as time is of the essence, we now reverse the trial court and give such judgment as the court nisi ought to have given. Rule 83.13(c), V.A.M.R. Wherefore,

It is the Order, Judgment and Decree of this court that the judgment of the Circuit Court of Howell County, Missouri, denying the petition and application of petitioner herein, is reversed, set aside and for naught held; it is the further Order, Judgment and Decree of this court that revocation of driver's license numbered S161–9504–7050–7388 of Alvis L. (Leland) Spencer by the Director of Revenue of the State of Missouri is set aside and for naught held, and that said Director of Revenue is herewith and hereby ordered to forthwith and without delay reinstate said license or permit to drive.

HOGAN, P. J., and STONE, J., concur.