In the Matter of the Driver's License of Paul G. JOHNSON, Jr., Petitioner-Appellant.

No. 8826.

Springfield Court of Appeals.

Missouri.

April 17, 1969.

**496**

Harold L. Henry, West Plains, for petitioner-appellant.

STONE, Judge.

This is a proceeding under V.A.M.S. § 564.444(2) [Laws 1965, p. 672; S.B. 45, § 4] to compel the Director of Revenue to reinstate petitioner Johnson's license to drive a motor vehicle. From the judgment of the Circuit Court of Howell County denying that relief, petitioner appealed.

■ As in the recent case of In Matter of Driver's License of Spencer, Mo.App., 439 S.W.2d 8, no constitutional question was presented or preserved in this proceeding which is civil in nature [Blydenburg v. David, Mo. (banc), 413 S.W.2d 284, 290], the director of revenue was not named as a party litigant, at the hearing in the circuit court was not "an adversary or contesting party" [Wilson v. Morris, Mo., 369 S.W.2d 402, 405(1)], and in any view of the matter was no more than a passive participant at any stage of the proceeding. In these circumstances, we do not regard the director of revenue, who is a state officer, as being "a party" in an appellate jurisdictional sense so as to invest our Supreme Court with exclusive appellate jurisdiction under Article 5, Section 3, of the Constitution of Missouri [2 V.A.M.S.], and we deem the appeal to have been appropriately taken to, and lodged in, this court. Spencer, supra, 439 S.W.2d at 9.

■ However, a fundamental jurisdictional problem obtrudes upon the record and may not be ignored. Pollard v. David, Mo., 421 S.W.2d 296(1), and cases there cited. Petitioner's license was revoked by the director of revenue "for one (1) year effective March 10, 1968." V.A.M.S. § 564.444(1). Although the cause was argued and submitted here shortly prior to March 9, 1969, the one-year suspension of petitioner's license by its own terms expired on that date. Hence, the cause has become moot while under submission and, for that reason, the appeal properly may be dismissed. Pollard, supra, 421 S.W.2d at 297(2), and cases there cited.

■ For the information of petitioner and his counsel, it may not be amiss to add that a meticulous examination of the record *immediately* after oral argument persuaded us beyond doubt that the judgment of the circuit court was a permissible one on the evidence there adduced, and that appropriate respect for the mandate that in appellate review of a court-tried case "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses" and "[t]he judgment shall not be set aside unless clearly erroneous" [Rule 73.01(d), V.A.M.R.; V.A.M.S. § 510.310(4)] would have dictated affirmance on the merits.

For the reason hereinbefore indicated, i. e., that the cause has become moot while under submission, petitioner's appeal is dismissed.

HOGAN, P. J., and TITUS, J., concur.