Roger L. **RENFRO**,
Plaintiff/Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Respondent/Appellant.

No. 59269.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 18, 1991.

James Artelle Chenault, II, Government Counsel, Department of Revenue, Jefferson City, for respondent-appellant.

Thomas A. Connelly, Private Atty., St. Louis, for plaintiff-respondent.

PER CURIAM.

The Missouri Department of Revenue appeals from the trial court's order removing a speeding conviction from petitioner Roger L. Renfro's driving record, removing a suspension of driving privileges for an unsatisfied judgment, and holding a suspension of driving privileges for violation of financial responsibility laws "null and void and of no legal effect." We reverse and remand for dismissal.

Prior to petitioner's action in the Circuit Court of St. Louis County, the Department of Revenue took several actions against petitioner, including the assessment of three points against his driving record pursuant to § 302.302, RSMo 1986, on October 11, 1989, after a conviction of speeding; a suspension of petitioner's driving privileges pursuant to § 302.281, RSMo 1986, on January 12, 1990, for failure to satisfy a court judgment arising from a traffic accident, and a request for proof of insurance on January 30, 1990, pursuant to § 303.025, RSMo 1986, on January 30, 1990, for failure to maintain financial responsibility. The financial responsibility notice stated that failure to produce proof of insurance would result in a suspension of driving privileges beginning February 24, 1990. On February 16, 1990, in the Circuit Court of St. Louis County, petitioner filed for review of the suspension for failure to satisfy a judgment. On the Department of Revenue's motion, the trial court properly dismissed the petition for failure to state a cause of action but granted petitioner twenty days to file an amended petition. Petitioner filed a document designated as an amended petition on April 13, 1990, which included additional requests for re-

lief from the financial responsibility law suspension and from the assessment of points for petitioner's speeding conviction. The trial court held a hearing on the petition on August 13, 1990, and entered the order appealed from.

■ We first address petitioner's contention that this court does not have jurisdiction of this appeal. Petitioner argues that the Department of Revenue was required but failed to file a notice of appeal within forty days after the entry of judgment. Petitioner is incorrect. Petitioner correctly notes that the notice of appeal shall not be filed later than ten days after the judgment or order appealed from becomes final. Rule 81.04(a). If a timely motion for new trial is filed, however, the judgment becomes final either at the end of ninety days after filing if the trial court fails to rule upon it, or upon disposition by the trial court. Rule 81.05(a). Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken. Rule 81.05(a). To be timely filed in a court-tried case, a motion for new trial or a motion to amend the judgment must be filed, if at all, not later than 15 days after the entry of judgment. Rule 73.01(a)(3).

In this case, the trial court entered judgment on August 13, 1990, and respondent filed a motion to amend judgment on August 28, 1990, within the 15 day period required by Rule 73.01. The trial court denied respondent's motion on November 6, 1990, and respondent timely filed a notice of appeal on November 9, 1990, within the ten day period prescribed by Rule 81.04(a). We have jurisdiction.

■ We next address the Department of Revenue's contention that the trial court lacked subject matter jurisdiction over petitioner's action. We agree. Defendant's appeal of the Department of Revenue's suspension for failure to satisfy a judgment did not meet the jurisdictional requirements of § 302.311, RSMo 1986, which provides that a licensee aggrieved by a suspension of a driver's license may appeal the Department of Revenue's action at anytime within thirty days after notice that a license is suspended. § 302.311, RSMo 1986. Defendant received notice of his suspension on January 19, 1990, and filed his petition for review on February 10, 1990, within the thirty day period. This petition was dismissed for failure to state a claim upon which relief can be granted, with leave to file an amended petition within twenty days. Although petitioner's amended petition met the trial court's time requirements when it was filed on April 13, 1990, it failed to meet the jurisdictional requirement of the statute authorizing the trial court's jurisdiction to hear the appeal.

■ It is well settled that failure to file a petition for review within the thirty day period prescribed by § 302.311, RSMo 1986, deprives the circuit court of jurisdiction. *Randles v. Schaffner,* 485 S.W.2d 1, 3 (Mo. 1972). The right of appeal is statutory and courts may not enlarge the period in which notice is required. *See Lafayette Federal Savings & Loan Association of Greater St. Louis v. Koontz,* 516 S.W.2d 502, 504 (Mo.App.1974) (refusing to waive jurisdictional defect of failing to file petition for review within thirty day period mandated by § 536.110, RSMo 1986). Defendant argues that the amended petition should relate back to the dismissed petition for purposes of the jurisdictional requirement, citing Rule 55.33(c), which states that "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, the amendment relates back to the date of the original pleading." While we find cases allowing the relation back of an amended pleading where the original pleading was not abandoned, we are not cited to nor find any cases allowing relation back when a pleading has been dismissed for failure to state a cause of action. Furthermore, Rule 67.-03, which states that a dismissal without prejudice permits a party to bring another civil action for the same cause, specifically does not extend that right to circumstances when the civil action is otherwise barred.

The trial court also lacked jurisdiction to hear petitioner's request for a hearing re-

garding the addition of points on his driving record. Petitioner received notice of the action on January 19, 1990, but did not appeal until the filing of his amended petition on April 13, 1990, well beyond the thirty day requirement of § 302.311, RSMo 1986. This cause of action did not relate back to the original petition, because it did not arise out of the conduct, transaction, or occurrence set forth in the original petition as required by Rule 55.33(c).

■ The trial court also lacked subject matter jurisdiction over petitioner's request for review of suspension for failure to provide proof of insurance. It is well settled that a trial court lacks subject matter jurisdiction unless available administrative remedies are exhausted before seeking judicial review of administrative action. *James v. City of Jennings*, 735 S.W.2d 188, 190 (Mo. App.1987). Petitioner received notice that unless he demonstrated proof of financial responsibility, his license would be suspended February 24, 1990. Petitioner failed to pursue his administrative remedies as his notice indicated were provided by § 303.290.1, RSMo 1986. Because the trial court did not have jurisdiction, we must remand the cause for dismissal.