Steven KELLEY, Petitioner–Respondent,

v.

**MISSOURI DEPARTMENT OF REVENUE, Respondent,**

Director of Revenue, State of Missouri, Appellant.

No. 17643.

Missouri Court of Appeals, Southern District, Division One.

April 10, 1992.

---

**5.** The lawyer representing Mother in this appeal is not the lawyer who represented her at trial.

Stephen R. Soutee, Marionville, for petitioner-respondent.

William L. Webster, Atty. Gen., James A. Chenault, III, Special Asst. Atty. Gen., Jefferson City, for appellant.

PER CURIAM.

The "Director of Revenue, State of Missouri" appeals from the judgment purporting to set aside the suspension of driving privileges for 60 days for violation of § 303.025, RSMo 1986, a portion of "The Motor Vehicle Safety Responsibility Law." § 303.010, RSMo 1986.

■ The petition styles the action as against the "Missouri Department of Revenue". It provides "Serve: Duane Benton, Director of Revenue". Respondent Steven Kelley contends this constituted naming the Director of Revenue "specifically in the caption". The body of the petition does not refer to the Director, but only to the "Missouri Department of Revenue". Steven Kelley also contends that the Director of Revenue was named on the docket sheet as the responding party. Such references did not make him a party. Nor does naming the "Director of Department of Revenue" in the body of an order staying the suspension until the suit was determined make the Director a party.

■ To be a party to a suit a person must either be named in the original pleading, or be later added by appropriate trial court order. *Jines v. Director of Revenue,* 788 S.W.2d 801, 802 (Mo.App.1990). See also *Cameron Mutual Ins. Co. v. McMinn,* 820 S.W.2d 85, 87 (Mo.App.1991). This case is governed by *Patton v. Director of Revenue,* 789 S.W.2d 882 (Mo.App.1990).

Under that case, failure to name the Director of Revenue leaves the trial court with no jurisdiction to consider an order suspending driving privileges.

The judgment is reversed and the cause remanded with directions that the petition be dismissed for want of jurisdiction.

All concur.