John Michael COX, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 46858.

Missouri Court of Appeals, Western District.

Aug. 10, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

J. Jeffrey Spainhower, Jefferson City, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM.

John Michael Cox was arrested in Miller County, Missouri, for driving while intoxicated on April 5, 1992. Upon the receipt of the officer's sworn statement pursuant to section 577.041, RSMo 1986, the Director of Revenue issued notice revoking Mr. Cox's driving privileges for refusing to submit to a chemical test. Mr. Cox, a resident of Morgan County, filed a petition against the "Missouri Department of Revenue," requesting a stay of the revocation, and a hearing before the circuit court under section 577.041.2. Mr. Cox's amended petition also lists "Missouri Department of Revenue" as the only party opponent.

The court granted the stay order, and a docket entry states the hearing was set for August 12, 1992. The docket sheet also suggests that the clerk issued summons to "Cole Co. Sheriff for service upon Dir. of Revenue." (Emphasis added.) The return card filed with the court shows that the sheriff's office served the "Dir of Rev" without any further remarks. The court's order, dated August 12, 1992, was captioned "John Michael Cox, Petitioner, vs. Missouri Department of Revenue, Respondent." The order avers that the state failed to appear, and found the "issues specified in [s]ection 577.041, RSMo, not to be in the affirmative." The court ordered, "the Missouri Department of Revenue and its agents and employees to reinstate the driving privilege of [Mr. Cox]."

The Director of Revenue appeals, claiming that the court below lacked subject matter jurisdiction over the matter. The Director argues that he is a necessary party to any proceeding challenging the suspension of a driver's license, and because Mr. Cox did not name the Director as a party to this proceeding the trial court was without jurisdiction. Mr. Cox counters that section 577.041 contains no requirement that the Director must be named as a party, and directs us to precedent showing that the Director was not considered a party for the purpose of determining appellate jurisdiction in cases where a state officer was named as a party before the 1972 amendments to Missouri's constitution. *In re Spencer*, 439 S.W.2d 8 (Mo.App.1969).

Section 302.311, RSMo 1986 provides the procedures for appealing the Director's revocation of a driver's license generally. Missouri courts have held that the Director of Revenue, not merely the Department, is a necessary party to proceedings challenging the revocation of a license, and the failure to name the Director as a party deprives the trial court of jurisdiction. *Shepherd v. Dept. of Revenue*, 377 S.W.2d 525, 528 (Mo.App.1964). Section 577.041, the implied consent law, mandates revocation for refusing a chemical test, and subsection 2 provides the procedure for requesting a hearing on the matter. Thus the issue is whether the procedures regarding revocations generally as set forth in section 302.311 require the Director be a

named party in request for hearing under section 577.041.2.

The Missouri Supreme Court found in *Romans v. Director of Revenue*, 783 S.W.2d 894 (Mo. banc 1990), that the two statutes were to be read in pari materia. Specifically, the procedural requirement that an appeal from a revocation under section 302.311 must be filed within thirty days after the notice that a license is revoked must also apply to a request for hearing under section 577.041.2. Thus, if the two statutes are read in pari materia on this issue also, the Director must be named as a necessary party. Notwithstanding, there are several cases which hold that the Director, if even named as a party, is no more than a passive participant in a hearing under the predecessor statute to section 577.041. *In re Spencer*, 439 S.W.2d at 9; *In re Johnson*, 440 S.W.2d 495, 496 (Mo.App.1969); *Thomas v. Schaffner*, 448 S.W.2d 319 (Mo.App.1969).

However, these statements were made in reference to Art. V, section 3 Mo. Const., (repealed 1972) to support a finding that the courts of appeals were not deprived of appellate jurisdiction. Before the constitution's amendment, the Missouri Supreme Court had "exclusive appellate jurisdiction in all cases where any state officer as such [was] a party." *Spencer*, 439 S.W.2d at 9. The Missouri Supreme Court noted in a case after the constitutional amendment:

> [T]his appeal was taken after January 1, 1972, the effective date of the amendment to Art. V, § 3, Mo. Const. 1945, and the fact that a state officer is a party does not vest original appellate jurisdiction in this court. Additionally, even prior to that amendment, this court did not have original appellate jurisdiction in cases where the state officer was not a participating or contesting litigant, but merely a passive participant.

*Spradling v. Deimeke*, 528 S.W.2d 759, 761–62 (Mo.1975). (Citations to *Thomas* and *Spencer* omitted). Mr. Cox argues that the Missouri Supreme Court's holding requires us to find that the Director was not a necessary party, and affirm the judg-ment of the trial court reinstating his license.

However, we are not bound by mere dicta and the language describing the status of the law prior to the constitutional amendment in 1972 was not necessary for the disposition of any issue in the matter. *State ex rel. Anderson v. Hostetter*, 140 S.W.2d 21 (Mo.1940). It would be improper to give permanent and controlling effect to such casual statements. *Union Elec. Co. v. Platte–Clay Elec. Coop., Inc.*, 814 S.W.2d 643, 648 (Mo.App.1991).

While the analysis in *Shepherd*, 377 S.W.2d at 525, which concluded the Director is a necessary party in an appeal from a license revocation under section 302.311, is compelling, there are a few differences between the two procedures which must be noted. Under section 302.311, the court reviews de novo the action of the Director in ordering the revocation. The hearing court under section 577.041.2 reviews the actions of the officer to determine whether the person was arrested, whether the officer had reasonable grounds to believe the person was intoxicated, and whether the person refused to submit to a chemical test. Thus, section 577.041.2 provides that the prosecuting attorney shall appear at the hearing on behalf of the arresting officer, where section 302.311 states that he shall appear on behalf of the Director. Further, actions under section 302.311 must be maintained in the county of the driver's residence, and under the new amendment to section 577.-041 (effective June 1, 1992), the action may be filed only in the county where the arrest occurred.

The issue is whether these differences between the statutes are significant enough to deny the Director status as a necessary party, and leave him as merely a passive party. Mr. Cox argues that the Director's actions are perfunctory and ministerial; he must revoke the license upon receipt of a report of refusal under section 577.041.1, and he must reinstate the license if the court so rules under section 577.-041.2, without discretion or other action on the Director's part. However, the same

847

can be said under Chapter 302; the Director must revoke a license for excessive points under section 302.304 and must reinstate or modify the revocation if so ordered under section 302.311.

The fact is that the court's order in an implied consent case necessarily operates upon the Director:

> [I]t is the Director of Revenue, in his official capacity as a state officer, who has the ultimate duty and responsibility for the issuance, suspension and revocation of such licenses. The statute mentions no other person or agency in this connection and the authority granted by the statute is specifically to him in his official capacity ...

*Shepherd,* 377 S.W.2d at 526. While he may act through the employees of the Department of Revenue, it is the Director himself who has the ultimate responsibility. *Id.* at 527. He is vitally interested in the object and subject matter of this controversy, and his interest will be directly affected by the adjudication of this controversy. *Id.* Therefore, we hold that under the analyses found in *Shepherd* and *Romans,* the two statutes, read *in pari materia,* require that the Director must be named as a necessary party in a petition for hearing under section 577.041.

The trial court's order reinstating Mr. Cox's license is reversed, and the matter remanded for proceedings not inconsistent with this opinion.

All concur.