**Eugene Issiah WEBB, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 47589.**

Missouri Court of Appeals, Western District.

Oct. 26, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Jeffrey B. Tonkin, Kansas City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

PER CURIAM:

Appellant Director of Revenue appeals from an order setting aside the administrative revocation of respondent Eugene Issiah Webb's driver's license for refusing a chemical test for intoxication under § 577.041 RSMo Cumm.Supp.1992. The Director claims that the trial court was without jurisdiction because respondent never named the Director of Revenue as a party to the action. The judgment is reversed.

Respondent was arrested by an officer of the Kansas City, Missouri, Police Department for driving while intoxicated. The Director of Revenue revoked respondent's driver's license under § 577.041, for refusing to submit to a chemical test for blood alcohol content. Respondent then filed an "Application of Hearing under Section 577.041." styled "Eugene Issiah Webb, Applicant,"

with directions that notice be sent to the Jackson County Prosecuting Attorney and the arresting officer. A copy of the application was sent to the Director of Revenue, under the caption, "EUGENE ISSIAH WEBB VS. JACKSON COUNTY PROSECUTING ATTORNEY ET AL."

The cause was called for hearing on February 11, 1993, and the state did not offer any evidence. Respondent in his brief avers that the arresting officer and a prosecuting attorney appeared on behalf of the Director of Revenue at the hearing. However, it is not clear in the one page transcript who was present. Nor does the record show that there was any hearing held, and if not, why not. In an order captioned, "Eugene Issiah Webb v. Director of Revenue," the court found, "the issues specified in Chapt. 577.041, paragraph 2, subparagraph 3 ... not to be in the affirmative," and ordered the Director of Revenue to reinstate respondent's driver's license.

 The Director of Revenue appeals, claiming that the court lacked subject matter jurisdiction because the respondent failed to name the Director of Revenue as a party to the proceeding. This court has specifically held that the Director must be named as a necessary party in a petition for hearing under § 577.041 and the failure to name the Director as a party deprives the trial court of jurisdiction. *Cox v. Director of Revenue*, 858 S.W.2d 844 (Mo.App.1993), citing *Romans v. Director of Revenue*, 783 S.W.2d 894 (Mo. banc 1990); and *Shepherd v. Department of Revenue*, 377 S.W.2d 525 (Mo.App.1964).

Respondent argues that the fact that the Director received notice of the application cures his failure to name the Director as a party. Respondent claims that notice and opportunity for a hearing is all that is required under § 577.041. Respondent does not cite any supporting authority for this proposition. In fact,

> For one to be a party to a civil lawsuit ... a person must not only have some actual and justiciable interest susceptible of protection, *but also must either be named as a party in the original pleadings, or be later added as a party, by appropriate trial court orders.*

*Proctor v. Director of Revenue*, 753 S.W.2d 69, 70 (Mo.App.1988). Even an appearance through counsel by the *Department* of Revenue and its denomination as a party in the trial court's order was insufficient to imply the *Director* of Revenue as a party to support subject matter jurisdiction. *Walsh v. Department of Revenue*, 668 S.W.2d 648, 649 (Mo.App.1984).

The court's order in an implied consent case necessarily operates upon the Director. *Cox*, 858 S.W.2d at 847. While he may act through the employees of the Department of Revenue, it is the Director himself who has the ultimate responsibility for the issuance, suspension and revocations of driver's licenses in this state. *Shepherd*, 377 S.W.2d at 526–27. The court lacked jurisdiction to determine the merits of the application because respondent failed to name the Director of Revenue as a party to the proceeding.

The judgment is reversed.