**Willie E. RILEY, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 47503.**

Missouri Court of Appeals,
Western District.

Jan. 18, 1994.

---

Allan J. Fanning, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and SMART, JJ.

**BRECKENRIDGE, Judge.**

Willie E. Riley appeals from the order of the Jackson County Circuit Court sustaining the revocation by the Director of Revenue of Mr. Riley's driver's license for a period of one year pursuant to § 577.041, RSMo Cum. Supp.1992.[1] Mr. Riley contends that the trial court erred in upholding the revocation on the ground that Mr. Riley, after he requested the opportunity to speak to an attorney, was allowed only fifteen minutes to call an attorney, rather than the twenty minutes required by § 577.041.1. It is not necessary for this court to consider Mr. Riley's case on the merits because the trial court had no jurisdiction to hear the case. The appeal is dismissed.

Mr. Riley was arrested by an officer of the Kansas City, Missouri Police Department for driving while intoxicated. The Director of Revenue revoked Mr. Riley's driver's license under § 577.041 for refusing to submit to a blood alcohol test. Mr. Riley then filed an "Application for Hearing under Section 577.-041" styled "Willie E. Riley, Applicant," with directions that notice be sent to the Jackson County Prosecuting Attorney and the arresting officer. The Court Administrator's Office of the Jackson County Circuit Court sent a copy of the application to the Director of Revenue under the caption "Willie E. Riley vs. Prosecuting Attorney et al."

The cause was called for hearing on February 18, 1993. Evidence was presented and judgment was entered sustaining the action of the Director of Revenue in revoking Mr. Riley's license for a period of one year. The trial court's order was captioned "Willie E. Riley v. Raymond T. Wagner, Jr., Director of Revenue."

 In his brief on appeal, the Director of Revenue claims that the court lacked subject matter jurisdiction because Mr. Riley failed to name the Director of Revenue as a party to the proceeding.[2] This court has

---

1. All statutory citations are to Revised Missouri Statutes Cumulative Supplement 1992, unless otherwise indicated.

2. "It is well settled that the objection [to the omission from a case of a necessary party] cannot be raised for the first time on appeal or writ

of error, except in the case of the nonjoinder of indispensable or necessary parties, in which latter case the objection may ordinarily be raised for the first time in the appellate court, unless the complaining party is himself responsible for such defect." *Shepherd v. Department of Revenue,* 377 S.W.2d 525, 528 (Mo.App.1964) (quot-

previously held that the Director of Revenue is a necessary party in a proceeding upon a request for a hearing under § 577.041 and the failure to include the Director as a party is a jurisdictional defect which deprives the trial court of jurisdiction. *Webb v. Director of Revenue,* 864 S.W.2d 20, 21 (Mo.App.1993); (citing *Cox v. Director of Revenue,* 858 S.W.2d 844 (Mo.App.1993); *Romans v. Director of Revenue,* 783 S.W.2d 894 (Mo. banc 1990); and *Shepherd v. Department of Revenue,* 377 S.W.2d 525 (Mo.App.1964)). Neither the averment in the application that the Director revoked Mr. Riley's license to drive nor the prayer for an order directing the Director to reinstate Mr. Riley's license are sufficient to join the Director as a party. *See City of St. Louis v. Stubley,* 154 S.W.2d 407, 410 (Mo.App.1941) ("In any case good pleading requires that the parties be specifically named and the allegations be sufficient to advise the defendant and the court of what the claim is and who the defendant is") and *Stafford v. McCarthy,* 825 S.W.2d 650, 658 (Mo.App.1992) ("The prayer is no[t] part of the petition and may be disregarded in determining what relief, if any, is authorized by the petition.") The trial court's order naming the Director as a party does not make him a party. *Kelley v. Missouri Dept. of Revenue,* 827 S.W.2d 767, 768 (Mo.App.1992).

■ Mr. Riley argues that the circuit court did have jurisdiction of his claim because the application was filed in full compliance with the requirements of Jackson County Circuit Court Rule 62.3 and Form 458. The erroneous nature of the *circuit court rule* and form is unfortunate and any rule in conflict with settled case law should be corrected immediately. Nevertheless, Mr. Riley is not entitled to relief, because the omission of the Director of Revenue as a party deprives both the trial court and this court of jurisdiction to proceed.

■ Mr. Riley further argues that the Director is not entitled to object to the omission of himself as a necessary party because the Director was responsible for the omission. *Shepherd,* 377 S.W.2d at 528. Mr. Riley bases this argument on the fact that the

ing 3 Am.Jur. *Appeal & Error* § 311 (1936), p. 70).

notice of loss of driving privilege sent to him by the Department of Revenue had the following section crossed out:

> This is a final decision of the Director of Revenue. You have 30 days from the date below to appeal this decision to the circuit court of your county of residence in accordance with section 302.311, RSMo.

By deleting this section, Mr. Riley argues that the Director put the appellant on notice that § 302.311, RSMo 1986, did not apply to his request for a hearing on his revocation for a refusal to take a chemical test. This alleged representation would be contrary to the holding in *Cox,* 858 S.W.2d at 846–47, that § 302.311, RSMo 1986, requiring that the Director be named as a party, is applicable to a proceeding upon a request for a hearing under § 577.041.2.

Mr. Riley's argument is in the nature of a claim of equitable estoppel. The doctrine of estoppel generally does not apply to acts of a governmental body. *Farmers' & Laborers' v. Dir. of Revenue,* 742 S.W.2d 141, 143 (Mo. banc 1987). "Fundamental to an estoppel claim against the government is that in addition to satisfying elements of ordinary estoppel, governmental conduct complained of must amount to affirmative misconduct." *Id.* As a matter of law, the Director's actions in marking out the above-cited language was not affirmative misconduct of the kind necessary to apply equitable estoppel to a governmental body.

The section deleted from the notice form was information which was inaccurate under the circumstances of the present case. The redacted language states that the venue for an appeal from a decision of the Director is in the county of a driver's residence. This statement is correct when a driver's license has been suspended or revoked pursuant to § 302.311, RSMo 1986. In the instant case, however, § 577.041.2 controls because the hearing was requested to review the Director's revocation of Mr. Riley's license for refusal to submit to a chemical test. When a hearing is requested by a person whose license has been revoked under § 577.041, venue is in the county of arrest, rather than the county of residence. There was no affir-

mative misconduct in the redacting by the Director of inaccurate information from the notice sent to Mr. Riley and, therefore, no basis to excuse Mr. Riley's failure to join the Director as an indispensable party.

The trial court lacked jurisdiction to determine the merits of the proceeding because Mr. Riley failed to join the Director of Revenue as a party. *Webb*, 864 S.W.2d at 21. Since the relief requested by Mr. Riley was denied by the trial court, it is necessary only to dismiss the appeal. *Patton v. Director of Revenue*, 789 S.W.2d 882, 884 (Mo.App.1990).

The appeal is dismissed.

All concur.