**Edward L. CLARY, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 47609.**

Missouri Court of Appeals,
Western District.

Feb. 22, 1994.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Steve D. Burmeister, Independence, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SPINDEN, JJ.

PER CURIAM:

The Director of Revenue appeals an order reinstating the driver's license of Edward L. Clary after his revocation for refusal to submit to chemical testing under § 577.041, RSMo Supp.1992 (effective 7–1–92, now repealed).

This court reverses the order of reinstatement.

The Director argues that the trial court lacked subject matter jurisdiction because Mr. Clary failed to name the Director of Revenue as a party in his petition for hearing. In support, the Director cites *Cox v. Director of Revenue*, 858 S.W.2d 844 (Mo. App.1993). In *Cox*, this district determined that the Director of Revenue must be named as a necessary party in a petition for hearing under § 577.041. *Id.* at 847. Mr. Clary does not dispute his failure to name the Director as a party defendant. He requests reconsideration of the *Cox* decision.

*Cox* has been upheld and followed in two recent decisions of this district. Both *Riley v. Director of Revenue*, 869 S.W.2d 273, 275 (Mo.App.1994), and *Webb v. Director of Revenue*, 864 S.W.2d 20, 21 (Mo.App.1993), hold that failure to name the Director as a party in a § 577.041 petition deprives the trial court of subject matter jurisdiction. These recent decisions dispel any need for reconsideration.

To be a party, a person must be named in the original pleading or be later added by appropriate court order. *Kelley v. Missouri Dep't of Revenue*, 827 S.W.2d 767, 768 (Mo. App.1992). Here, Mr. Clary's petition bore the caption, "IN RE EDWARD L. CLARY." No order making the Director a party ensued during the proceedings. The directive in the petition to notify the Director was insufficient to make the Director a party. *Webb*, 864 S.W.2d at 21.

The trial court lacked jurisdiction to reinstate Mr. Clary's driver's license because he failed to name the Director as a party. The order reinstating Mr. Clary's driver's license is accordingly reversed.