**In the Matter of Stacey L. WILLIAMS, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. 19085.**

Missouri Court of Appeals, Southern District, Division Two.

April 7, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for petitioner-respondent.

GARRISON, Judge.

The Missouri Director of Revenue (Director) appeals an order setting aside the revocation of the driving privileges of Stacey L. Williams (Williams) for refusing to take a chemical test pursuant to § 577.041.[1] The Director contends that the trial court was without jurisdiction because he was not named as a party to Williams' "Petition For A Hearing and Stay of Further Proceedings." Williams has filed no brief in this appeal. We reverse the trial court's order.

According to the record before us, Williams was arrested by a member of the Missouri State Highway Patrol on March 14, 1993, for driving while intoxicated. After his driver's license was revoked pursuant to § 577.041 for refusing to submit to a chemical test for blood alcohol content, Williams filed a petition seeking to have all proceedings stayed and the revocation set aside. It was styled "In Re: The Matter of the Revocation of the Privilege of STACEY L.

---

1. RSMo Supp.1992 (effective 7–1–92, later repealed and replaced by § 577.041 effective 7–2– 93).

WILLIAMS of operating a Motor Vehicle."[2]

The cover letter filing the petition was dated April 26, 1993, and indicated that a copy was being sent to "Mr. Duane Benton."[3] The court entered a stay by which it "ordered that the Missouri Department of Revenue proceed no further with the revocation of the Petitioner's driving privilege until further order of this Court." The docket sheet indicates that a copy of that order was sent to the "Dir. of Revenue" but the record does not indicate that the Director was ever made a party by order of the trial court.

Later, the Director of Revenue filed a "Motion To Dissolve Stay Order And To Dismiss Petition For Lack Of Subject Matter Jurisdiction" which alleged, as the jurisdictional defect, that the Director had not been named as a party. The court set the matter for hearing, but after the Director failed to appear, it entered an order setting aside the revocation of Williams' driving privileges. That order was directed to "the Missouri Department of Revenue by and through its Director."

■ The Director of Revenue is a necessary party in a proceeding to review a revocation of driving privileges under § 577.041, and failure to name the Director as a party deprives the trial court of jurisdiction. *Riley v. Director of Revenue*, 869 S.W.2d 273, 275 (Mo.App.1994); *Webb v. Director of Revenue*, 864 S.W.2d 20, 21 (Mo.App.1993); *Cox v. Director of Revenue*, 858 S.W.2d 844, 845 (Mo.App.1993). To be named as a party to the proceeding, the Director must be named in the original pleading or later added by an appropriate trial court order. *Kelley v. Missouri Department of Revenue*, 827 S.W.2d 767, 768 (Mo.App.1992). This is true even if the Director, although not named as a party, is served with a copy of the petition, is named in the docket sheet as the responding party, or is named in an order staying the suspension. *Id.* See also *Riley v. Director of Revenue*, 869 S.W.2d at 275; and *Cox v. Director of Revenue*, 858 S.W.2d at 845. In addition, the fact that the Director may have actual notice of the application does not cure the failure to name him as a party. *Webb v. Director of Revenue*, 864 S.W.2d at 21.

In *Cox v. Director of Revenue*, a motorist whose license was revoked pursuant to § 577.041 filed a petition requesting a stay of the revocation and a hearing in which the "Missouri Department of Revenue" was specifically named as a party opponent. The summons indicated that it had been served on "Dir of Rev" and the court's order was captioned "John Michael Cox, Petitioner, vs. Missouri Department of Revenue, Respondent." Like the instant case, in *Cox* the only appearance was in behalf of the motorist and the issues were found in his favor. In that case, the court held that failure to name the Director of Revenue as a party to the petition for a hearing under § 577.041 required that the order reinstating the motorist's license be reversed. It reasoned that § 302.311, RSMo 1986, which provides the procedures for appealing a Director's revocation of a driver's license generally, has been interpreted as requiring that the Director be named as a party to proceedings pursuant to that statute and that the same requirement applies to proceedings for review of a revocation pursuant to § 577.041.

Accordingly, the trial court's order setting aside the revocation of Williams' license is reversed.

PREWITT and CROW, JJ., concur.

■

---

2. The court's docket sheet indicates that the style of the case was "In The Matter Of Stay Of Revocation Stacey L. Williams."

3. Judge Benton was formerly the Director of Revenue but was appointed to the Missouri Supreme Court on August 16, 1991.