**Robert J. KLUGE, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 48705.

Missouri Court of Appeals,
Western District.

June 21, 1994.

Philip R. Holloway, Kansas City, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

PER CURIAM:

The Director of Revenue appeals from an order setting aside the revocation of Robert Kluge's driver's license for refusing to submit to a chemical test for intoxication. The Director claims the trial court lacked jurisdiction because Kluge failed to name the Director of Revenue as a party to the proceeding. The judgment is reversed.

On July 17, 1993, Kluge was arrested by an officer of the Kansas City, Missouri Police Department for driving while intoxicated. The Director of Revenue revoked Kluge's driver's license under § 577.041, RSMo Cum. Supp.1992, for refusing to submit to a blood alcohol test. Kluge then filed a petition for review of the revocation of his license styled "In Re: Robert J. Kluge, Petitioner." The cause was called for hearing on October 14, 1993. The arresting officer and a prosecuting attorney appeared on behalf of the Director of Revenue. Kluge also appeared in person and with his attorney. The only testimony presented at the hearing was by the arresting officer who merely indicated that

he had no objection to Kluge entering an alcohol program. On October 18, 1993, the trial court entered its order setting aside the revocation of Kluge's driver's license. The Director appeals.[1]

For its sole point on appeal, the Director of Revenue claims the trial court lacked subject matter jurisdiction because Kluge failed to name the Director of Revenue as a party to the proceedings. In a petition for hearing under § 577.041, the Director of Revenue must be named as a necessary party to the proceeding and the failure to include the Director as a party deprives the trial court of jurisdiction. *Webb v. Director of Revenue,* 864 S.W.2d 20, 21 (Mo.App.1993) (citing *Cox v. Director of Revenue,* 858 S.W.2d 844 (Mo. App.1993); and *Shepherd v. Department of Revenue,* 377 S.W.2d 525 (Mo.App.1964)). Here, the Director of Revenue was not named as a party to the proceeding. Although the Director was referenced in the body of the petition as well as in the body of the temporary stay order, such references are insufficient to join the Director as a party. *See Kelley v. Missouri Department of Revenue,* 827 S.W.2d 767, 768 (Mo.App. 1992). Kluge's failure to name the Director of Revenue as a party to the proceeding constitutes a jurisdictional defect, and therefore, the trial court was without jurisdiction to determine the merits of Kluge's petition for review. Accordingly, the order of the trial court is reversed, and the cause remanded for reinstatement of the order of revocation.

1. Mr. Kluge did not file a respondent's brief on appeal.