Martin Joseph ARMSTRONG,
Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. 64855.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Darryl L. Hicks, Warrenton, for respondent.

CRIST, Judge.

Director of Revenue (Director) appeals the trial court's order reinstating Martin Armstrong's driver's license after it was revoked for refusing to submit to a chemical test, pursuant to § 577.041 RSMo 1986. We reverse.

On June 17, 1993, the Director mailed notice to Armstrong stating his driver's license was being revoked for failure to submit to a chemical test after he was arrested for driving while intoxicated. On July 16, 1993, Armstrong filed a petition for review in circuit court styled, "In the matter of MARTIN JOSEPH ARMSTRONG." A copy of this petition was served on the Director. On August 23, 1993, the Director filed a motion to dismiss the petition asserting the circuit court lacked subject matter jurisdiction because the Director was not named as a party in Armstrong's petition. Before this motion was heard, the Director's statutorily designated counsel filed a confession to Armstrong's petition and the trial court entered an order reinstating Armstrong's driving privileges.

On appeal, Director alleges the trial court lacked subject matter jurisdiction over Armstrong's petition because the Director was not named as a party in the petition. Director relies on numerous cases holding no subject matter jurisdiction exists where the Director is not named in the original petition or added by an appropriate court order. *See e.g., Scott v. Director of Revenue,* 849 S.W.2d 713, 715 [1] (Mo.App.1993).

However, in this case, the court did not obtain subject matter jurisdiction over the Director because the prosecutor who confessed judgment on the Director's behalf was not authorized to do so. Although the prosecutor is the Director's statutorily-designated representative according to § 577.041.4 RSMo Supp.1993, this provision did not take effect until August 28, 1993. The prosecutor confessed the judgment on the Director's behalf on August 27, 1993. According to § 577.041.2 RSMo Supp.1992, which was still in effect on this date, the prosecutor was to appear on behalf of the arresting officer, not the Director. Since the prosecutor was not authorized, by statute or otherwise, to confess judgment on the Director's behalf, the Director was not a party to the action at the time the judgment was entered. *See, Robin-*

*son v. Director of Revenue,* 762 S.W.2d 872, 874 [4] (Mo.App.1988).

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.