Amos R. **FRANKLIN, Plaintiff–
Respondent,**

v.

**MISSOURI DEPARTMENT OF
REVENUE, Defendant,**

**Director of Revenue, State
of Missouri, Appellant.**

No. 19355.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 14, 1994.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mel L. Gilbert, Buffalo, for plaintiff-respondent.

MONTGOMERY, Judge.

The Missouri Director of Revenue (Director) appeals from a trial court order holding that the "Defendant [Missouri Department of Revenue] should be precluded from denying Plaintiff a drivers license under Section 302.060(9)." The Director's point relied on asserts that the trial court lacked subject matter jurisdiction because Plaintiff failed to name the Director as a party to the proceeding instituted under § 302.311.[1]

The Director notified Plaintiff by means of Department of Revenue Form 104, "Notice of Loss of Driving Privilege," dated June 29, 1993, that effective August 1, 1993, his "privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." The "Driving Record" portion of the notice reflects that Plaintiff was assessed 12 points on February 29, 1972, for each of two DWI convictions in Dallas County and that Plaintiff was assessed 12 points on June 17, 1993, for a DWI conviction in Hickory County. The notice advised Plaintiff of his right "to appeal this decision to the circuit court of your county of residence in accordance with Section 302.311, RSMo."

Exercising his right under § 302.311,[2] Plaintiff filed a Petition for Review, naming as defendant the Missouri Department of Revenue. Plaintiff alleged that he was not represented by counsel when convicted of two charges of driving while intoxicated on February 29, 1972, and that he had only one

---

1. Statutory references are to RSMo 1986, unless otherwise indicated.

2. In pertinent part, § 302.311 provides:
   In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases.

alcohol-related driving offense in the past 10 years.

During the hearing on Plaintiff's petition the record reveals that the Polk County prosecutor appeared on behalf of the Missouri Department of Revenue. At the hearing, the prosecutor stipulated that Plaintiff had only one DWI conviction in 1972 and that he was not represented by counsel at the time of that conviction.

 It has long been held that the Director of Revenue is a necessary party to any appeal authorized by § 302.311 which challenges action taken by the Director under the authority of color of the powers granted the Director in Chapter 302. *Shepherd v. Dep't of Revenue*, 377 S.W.2d 525, 527–28 (Mo.App.1964). In *Williams v. Director of Revenue*, 873 S.W.2d 340 (Mo.App.1994), this Court recently upheld the foregoing principle. There, we held that the "Director of Revenue is a necessary party in a proceeding to review a revocation of driving privileges under § 577.041, and failure to name the Director as a party deprives the trial court of jurisdiction." *Id.* at 341 (citing *Riley v. Director of Revenue*, 869 S.W.2d 273, 275 (Mo. App.1994); *Webb v. Director of Revenue*, 864 S.W.2d 20, 21 (Mo.App.1993); *Cox v. Director of Revenue*, 858 S.W.2d 844, 845 (Mo. App.1993)). In order to be a party, the Director must be named in the original pleading or be later added by appropriate trial court order. *Kelley v. Missouri Dep't of Revenue*, 827 S.W.2d 767, 768 (Mo.App.1992). This is true even though the Director is served with a copy of the petition (which was done in the instant case). *Williams*, 873 S.W.2d at 341; *Cox*, 858 S.W.2d at 845.

▮ An appearance by the prosecutor, as in this case, on behalf of the Department of Revenue does not vest the court with jurisdiction. *Scott v. Director of Revenue*, 849 S.W.2d 713, 716 (Mo.App.1993). Therefore, the trial court lacked jurisdiction to enter the order made in this case because the Director was neither named as a party nor later made a party.

Accordingly, the trial court's order is reversed and the cause remanded with directions that the petition be dismissed for lack of jurisdiction.[3]

SHRUM, C.J., and FLANIGAN, J., concur.

---

3. Our action does not leave Plaintiff without a possible remedy in light of this Court's recent decision in *Silman v. Director of Revenue*, 880 S.W.2d 574 (1994). There, we held that § 302.060(9) grants no authority to the Director to revoke an operator's permit; the statute only prohibits the Director from issuing a license to certain applicants. *Id.* at 576. Furthermore, we observed that the statute does not provide for a 10-year revocation; it only provides that 10 years is the length of time a person, to whom issuance of a license has been denied under § 302.060(9), must wait before petitioning the circuit court for certain relief provided under the statute. *Id.* at 576. *Silman* held that the revocation notice, like the one in this case, was premature advice of the 10-year waiting period which the Director would likely seek to enforce against an applicant reapplying for a drivers license.

If the Director later denies Plaintiff's application for a drivers license, § 302.311 allows Plaintiff to appeal such denial. At that time Plaintiff would have the opportunity to show that § 302.060(9) was not applicable to him.