Robert Lee JACKSON, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 77156.

Supreme Court of Missouri, En Banc.

Feb. 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Albert S. Watkins, J. Christopher Boucher, St. Louis, for respondent.

THOMAS, Judge.

I.

Robert Lee Jackson refused to take a breath test after being arrested for driving while intoxicated. On June 24, 1993, Jackson received notice from the Director of Revenue (Director) that his driver's license would be revoked on July 24, 1993. On July 9, 1993, well within the 30 day period prescribed by section 302.311, RSMo 1994,[1] Jackson filed a petition for review under section 577.041.4, RSMo Supp.1992, styled "In re: The Matter of ROBERT LEE JACKSON." Although not named in the caption, the Director was named in the body of the petition. The body of the petition made clear that Jackson sought review of the revocation of his driver's license. On July 9, 1993, the trial court issued a stay order styled ROBERT LEE JACKSON v. DIRECTOR OF REVENUE, DEPARTMENT OF REVENUE, STATE OF MO. On July 13, 1993, Jackson filed interrogatories, requests for admissions, and request for production. These were sent to the Director on July 13, 1993, and later answered by the Director.

On August 16, 1993, the Director filed a motion to dismiss the petition because the Director had not been properly named in the caption. On August 20, 1993, Jackson filed an amended petition, which was styled "ROBERT LEE JACKSON v. DEPARTMENT OF REVENUE, STATE OF MISSOURI." On September 13, 1993, the trial court sustained the Director's motion to dismiss, but allowed Jackson ten days in which to file a proper petition for review. On September 15, 1993, Jackson filed another amended petition, which was styled "ROBERT LEE JACKSON v. DEPARTMENT OF REVENUE, DIRECTOR OF REVENUE." On September 23, 1993, the Director filed another motion to dismiss, arguing that the court lacked subject matter jurisdiction because of the failure to name the Director in the caption and that the eventual filing that named the Director came more than thirty days from the notice of revocation.

On November 17, 1993, an assistant prosecuting attorney, under authority granted by section 577.041.4, RSMo.Supp.1993, confessed the petition for review and agreed to

---

1. Reference is made to RSMo 1994 because the statutes were not changed from 1993.

reinstate Jackson's driving privileges if Jackson was otherwise eligible for reinstatement. The Director appealed, asserting the question of subject matter jurisdiction, and the court of appeals held that the failure to name the Director within the thirty day limit deprived the trial court of subject matter jurisdiction. The court of appeals transferred this case to this Court. *Rule 83.02.* We affirm the judgment reinstating Jackson's driver's license.

## II.

■ Although it is the better practice to name the Director in the caption, the technical failure to do so does not necessarily deprive the circuit court of subject matter jurisdiction. Subject matter jurisdiction is merely the court's power to hear and determine the matter involved in the case. The court's power exists where the petitioner meets the requirements of the statute that provides for review of the driver's license suspension or revocation within 30 days after notice of the license suspension or revocation. § 302.311 RSMo.1994. Naming the Director in the caption of the petition is not required by statute, and we hold that the technical failure to do so does not deprive the court of subject matter jurisdiction if the petitioner files a timely petition for review that: 1) names either the Director of Revenue or Department of Revenue in the caption or names as an adverse party, seeks relief against, or in any other way treats as a party to the lawsuit the Director of Revenue or Department of Revenue in the body of the petition; and 2) makes obvious from the body of the petition that the suit seeks review of a driver's license suspension or revocation.

■ Of course, the petitioner must afford the Director notice and an opportunity to defend the action by the traditional means of service of process or waiver of service of process. However, the court will not be divested of subject matter jurisdiction if such service is not accomplished within 30 days because the petitioner is only required to file a timely and correct petition for review within 30 days.

■ In this case, Jackson asked the trial court to "order the Director of Revenue to reinstate the license . . . of Petitioner" in the body of his timely filed petition. The body of the petition also made clear that Jackson sought review of the revocation of his driver's license. Jackson's failure to name the Director in the caption of the petition for review did not, therefore, deprive the trial court of subject matter jurisdiction.[2]

To the extent the following cases hold that the failure to properly name the Director in the caption of the petition for review of a driver's license suspension or revocation necessarily deprives the circuit court of subject matter jurisdiction, they are overruled: *Franklin v. Director of Revenue,* 883 S.W.2d 560 (Mo.App.S.D.1994); *Jones v. Director of Revenue,* 880 S.W.2d 626 (Mo.App.S.D.1994); *Armstrong v. Director of Revenue,* 879 S.W.2d 799 (Mo.App.W.D.1994); *Kluge v. Director of Revenue,* 878 S.W.2d 88 (Mo.App. W.D.1994); *Williams v. Director of Revenue,* 873 S.W.2d 340 (Mo.App.S.D.1994); *Clary v. Director of Revenue,* 870 S.W.2d 471 (Mo. App.W.D.1994); *Riley v. Director of Revenue,* 869 S.W.2d 273 (Mo.App.W.D.1994); *Webb v. Director of Revenue,* 864 S.W.2d 20 (Mo.App.W.D.1993); *Cox v. Director of Revenue,* 858 S.W.2d 844 (Mo.App.W.D.1993); *Scott v. Director of Revenue,* 849 S.W.2d 713 (Mo.App.E.D.1993); *Kelley v. Director of*

2. The Director relies on *Renfro v. Director of Revenue,* 810 S.W.2d 723 (Mo.App.E.D.1991), for the proposition that the trial court's dismissal of Jackson's amended petition forever bars the circuit court from exercising jurisdiction. In *Renfro,* the trial court dismissed a timely petition for review for failure to state a claim upon which relief could be granted with leave to file an amended petition within 20 days of the order of dismissal. The court of appeals held that although Renfro filed his amended petition within the 20 days allowed by the court, the court lacked jurisdiction because the proper petition was not filed within the 30 day limit prescribed by section 302.311, RSMo 1994. This case is readily distinguishable from *Renfro* in that Jackson filed his proper petition for review within the 30 day limit. The trial court's error in dismissing the case for lack of jurisdiction does not divest the court of proper jurisdiction. *See Reifschneider v. Public Safety Comm'n,* 776 S.W.2d 1, 2 (Mo. banc 1989).

*Revenue,* 827 S.W.2d 767 (Mo.App.S.D.1992); *Patton v. Director of Revenue,* 789 S.W.2d 882 (Mo.App.S.D.1990); *Laiben v. State of Missouri,* 684 S.W.2d 943 (Mo.App.E.D. 1985); *In re: Mulderig,* 670 S.W.2d 182 (Mo. App.E.D.1984); *Walsh v. Department of Revenue,* 668 S.W.2d 648 (Mo.App.E.D.1984); *Huffman v. Department of Revenue,* 523 S.W.2d 107 (Mo.App.1975); and *Shepherd v. Department of Revenue,* 377 S.W.2d 525 (Mo. App.1964). In addition, *Robinson v. Director of Revenue,* 762 S.W.2d 872 (Mo.App.E.D. 1989) (director made party by unchallenged intervention), should be followed only to the extent it is consistent with this opinion.

Affirmed.

All concur.