**Todd HOHLT, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 77154.

Supreme Court of Missouri, En Banc.

Feb. 21, 1995.

I.

Todd Hohlt received notification from the Director of Revenue (Director) that his driver's license would be revoked on April 4, 1993, for his failure to submit to a chemical test to determine his blood alcohol content. *See § 577.041, RSMo Supp.1993.* On March 16, 1993, Hohlt sought review with the circuit court and styled his petition for review "In the matter of: Todd Hohlt." Although the Director was not named in the caption of the petition, the Director was named in the body of the petition. It is clear from the body of the petition that Hohlt sought review of the revocation of his driver's license. Hohlt also requested a stay order, and the circuit court granted the stay on March 17, 1993.

On April 13, 1993, the Director filed a motion to dissolve a stay order, a motion to

dismiss for failure to be named as a party in the caption of the petition, and an answer to the second count of the petition. The Director appeared by counsel when the case was set for trial. The trial court overruled the Director's motion to dismiss and, when the Director was then unable to proceed because of the failure of a witness to appear, the trial court entered judgment in favor of petitioner.

The court of appeals affirmed the trial court and held that it strained credulity to argue that the Director, after actively participating in the trial, was not properly before the court. The court of appeals transferred the case to this Court. *Rule 83.02.* Affirmed.

### II.

We believe this case comes within the rule articulated in *Jackson v. Director of Revenue,* 893 S.W.2d 831 (Mo. banc 1995), also handed down today. Hohlt's timely petition moved the trial court to "order the Director of Revenue to reinstate the license," and the petition made clear that Hohlt sought review of the revocation of his driver's license. The trial court, therefore, did not lack subject matter jurisdiction. Affirmed.

All concur.