**Joyce RICHARDSON, Appellant,**

v.

**HARDIN–CENTRAL C–II PUBLIC SCHOOL DISTRICT, Respondent.**

**No. WD 48566.**

Missouri Court of Appeals, Western District.

July 19, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied Oct. 25, 1994.

Farrell Douglas Hockemeier, Richmond, for appellant.

Norman Humphrey, Jr., Independence, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

The Hardin–Central C–II School Board became dissatisfied with the way Joyce Richardson was teaching in 1992. It dismissed her from her duties as a teacher and elementary principal, but it paid her full compensation for its contracts with her. Richardson sued the school district, labeling the board's action as a mid-year termination which deprived her of her constitutional due process rights. The school board defended its action as merely a suspension with pay—not a termination. The trial court dismissed her petition as moot; Richardson's contracts with the district had expired by the time the court considered the issue. We affirm.

The school district hired Richardson as a half-time probationary teacher and a half-time elementary principal for the 1991–92 school year. On February 13, 1992, the school board offered Richardson a contract for the 1992–93 school year as a half-time elementary principal. Richardson accepted.

By April 1, 1992, the school board became concerned about Richardson's teaching abilities. It voted 6–0 that day to delay offering her a new teacher contract for the 1992–93 school term. A week later, on April 8, 1992, the board met again, and a member moved to renew Richardson's teaching contract. The motion died for lack of a second. At that same meeting, the board voted to "buy out" Richardson's principal contract for the 1992–93 school year. Richardson apparently rejected the offer to "buy out" her contract. The board then sent her a letter dated April 10, 1992, in which it informed her that it was not renewing her contract as a half-time teacher for the 1992–93 school year.

On April 13, 1992, the school board voted to dismiss Richardson from her duties as teacher and principal immediately but to pay her full compensation under all the contracts, including the 1992–93 principal contract. The board's executive session minutes said:

Junior Anderson made the motion to terminate Joyce Richardson employment effective April 13, 1992 and pay the remainder of the 1991–92 school year contract plus cumulative sick leave and the principal's portion of $12,750.00 for the 1992–93 school year. She will clean out office tonight, turn in keys; and pick up paycheck Wednesday morning April 15, 1992. Johnny McGinnis seconded the motion. Motion carried.

The board's open meeting minutes said:

The board came out of Executive Session at 8:42 P.M. The following action was taken in Executive Session. The contract of Joyce Richardson, elementary principal was terminated effective 8:30 P.M. April 13, 1992. The principal contract for 1992–93 school year was also terminated.

Richardson immediately vacated her classroom and the principal's office. In payment of its contracts with Richardson, the school district sent her two checks in the amount of $6,673.10 and $9,747.91. She cashed both.

The board did not notify or furnish Richardson with a written statement of any alleged deficiencies before taking its action on April 13, 1992. The board did not give her an opportunity to correct any alleged deficiencies or offer her a hearing.

Richardson filed a petition for review on May 6, 1992, alleging that the board deprived her of a right to a hearing and violated her statutory rights.[1] Richardson's petition asked for these remedies:

[P]laintiff prays the Court to review and reverse the decision of defendant District terminating plaintiff's contracts for the 1991–1992 school year and for the 1992–93 school year and to reinstate plaintiff to her position as teacher and elementary principal for the Hardin–Central School of Hardin, Missouri, and for an award of attor-

1. Her petition alleged violation of § 168.126, RSMo 1986, "by terminating [her] contract without first providing her a written statement setting forth any alleged incompetency and by failing to furnish her an opportunity to correct the alleged incompetency."

ney's fees and for such other relief as may be just.

The trial court concluded that the action was moot:

> [P]laintiff seeks only reinstatement as a principal-teacher in accord with her contract and for attorneys' fees. The contract period has expired. The positions for which she contracted are no longer available. Because of the passage of time, there is no longer any controversy upon which the Court can grant the only relief sought.... The fact that plaintiff could have or may yet have a cause of action against defendant for damages for breach of contract or some other theory does not make the issue before the Court any less moot.

We agree.

An issue is moot if "no practical relief could follow a determination of the appeal on its merits." *Missouri Real Estate Commission v. Carr*, 695 S.W.2d 169, 170 (Mo.App. 1985).

 Reinstatement was not an appropriate remedy. Reinstatement is appropriate for a teacher or principal only if he or she has a reasonable expectation of re-employment. *Bhargave v. Cloer*, 355 F.Supp. 1143, 1146 (N.D.Ga.1972). *See Brown v. Weir*, 675 S.W.2d 135, 139 (Mo.App.1984). Richardson did not have a reasonable expectation of re-employment; her contracts, including her principal contract for 1992–93, had expired when the court dismissed for mootness.

Her petition's prayer did ask for reversal of the school board's decision. "Unlike a failure to renew a teacher's contract at the end of a school year," she argues, "a mid-year dismissal is a blot on a teacher's record which reduces the likelihood of that teacher's subsequent employment." She sought reversal of the board's decision, but for the purpose of obtaining reinstatement.

As the trial court noted, this result does not mean that she is precluded from pursuing other available remedies. Section 168.-126.2, RSMo Cum.Supp.1993, says, "[A]n action for actual damages may be maintained by any person for the deprivation of a right conferred by this act." Because Richardson's petition did not seek damages or other available remedies, the trial court correctly concluded that her action was moot.

Richardson asserts that even if her action was moot, the trial court should have reviewed the case because it was an issue of public importance and was an issue likely to reoccur. We disagree. As noted previously, Richardson is not precluded from seeking other available remedies; hence, an opinion at this stage would only be advisory.

All concur.